STATE of Missouri,
Plaintiff/Respondent,

v.

Joseph LUCAS, Defendant/Appellant.

Joseph LUCAS, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 57247, 58593.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 12, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 1991.

Application to Transfer Denied
June 11, 1991.

Kristine Allen Grady, Kathleen Green, St. Louis, for defendant, appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff, respondent.

REINHARD, Presiding Judge.

Defendant appeals his conviction by a jury of attempted robbery in the second degree, § 564.011, § 569.030, RSMo 1986, and his sentence by the court as a prior and persistent offender, § 558.016, § 558.019, RSMo 1986, to 15 years imprisonment. After sentencing, defendant filed a Rule 29.15 motion which the trial court denied without an evidentiary hearing. Pursuant to Rule 29.15(1) these appeals have been consolidated for review.[1] The judgment of conviction is affirmed. However, we remand for resentencing.

On September 7, 1988, defendant walked into the Mercantile Bank in downtown St. Louis, went to teller Debra Oberkfell's window and gave her a note which said: "This is a robbery. Place ten thousand dollars in a brown folder and give it to me. I have a gun. Thank you." Ms. Oberkfell took the note to her supervisor, Opal George, who called security. After two or three minutes two security officers came up to the teller's window where defendant was standing and led him away. He was arrested by St. Louis City Police officers and taken to the 4th District Detective Bureau. Defendant said he would only speak to the FBI. FBI Agent Teresa Meehan advised defendant of his rights and took his statement in which he admitted his intention to rob the bank and stated that he had planned the crime the night before. The state's evidence also included still photographs taken from the bank's security system which showed defendant waiting at the teller's window and his subsequent arrest.

After the state rested its case, defense counsel informed the court and opposing counsel, outside the presence of the jury, that her client was insisting that she not proceed with any defense. In addition, de-

---

1. Defendant has not briefed the allegations of error contained in his Rule 29.15 motion. We thus consider them to have been abandoned. Rule 84.13(a).

fendant was refusing to attend the remainder of the trial. Defense counsel requested the court to allow an additional psychiatric examination because defendant's behavior raised doubts in her mind about his competency to proceed with the trial. The prosecution objected and the court denied defense counsel's motion. The trial court then questioned defendant to ensure that his wish to absent himself from the trial was voluntary. Defendant stated that he did not want his counsel to present the evidence of Dr. Armour who would testify as to his diminished capacity. The defendant stated that he disagreed with various evidentiary rulings by the court and believed his trial was not being conducted fairly. The court explained the basis for its decisions and ruled that defendant's decision not to attend was voluntary. The court further ruled that defense counsel should proceed with whatever defense she thought best. The trial continued without defendant's presence. The defendant called his expert, Dr. Armour, to testify that defendant's mental disease had diminished his capacity to conform his conduct to the requirements of the law. Armour further testified that defendant had not cooperated because he claimed that Armour would testify that defendant was crazy. The state called another mental health expert who testified that defendant's illness did not dictate his behavior and that it essentially had no bearing upon his robbery attempt. The jury convicted defendant of the lesser included offense of robbery in the second degree. Pursuant to the persistent offender statutes, § 558.016 and § 558.019, RSMo 1986, the trial court sentenced defendant to 15 years imprisonment of which he would be required to serve 60% under § 558.019. This appeal followed.

■ Defendant alleges that the trial court erred in refusing defense counsel's request for an additional psychiatric examination during trial. Defendant cites to us § 552.020.2, RSMo 1986, which states: "Whenever any judge has reasonable cause to believe that the accused lacks mental fitness to proceed, he shall ... appoint one or more private psychiatrists or psychologists ... to examine the accused...."

Reasonable cause may be provided to the trial court either by evidence or from its personal observation of the defendant. *Guinan v. State,* 726 S.W.2d 754, 757 (Mo. App.1986).

Defense counsel informed the court that:

So I went to see my client at the jail this morning and we had some conversation and as a result of that conversation I feel as though my client's mental illness ... may have impacted on his ability to make rational decisions ... my client indicated that he does not wish me to call Dr. Armour and or proceed with any kind of defense on his behalf and I have an ethical obligation to proceed with the defense so at this point I would be requesting the Court to permit Dr. Armour to, basically, re-examine him this morning.

The prosecutor objected saying:

Any defendant could do this on mid-trial or act nutty and then say—you know, request another psychiatric exam, that's not fair to the system or to anyone else.

The court denied defense counsel's motion. We note that the court had determined on May 16, 1989, that defendant was competent to proceed with trial. This was on the basis of a psychiatric report the findings of which neither party contested. The trial began on July 12, 1989. It appears that Dr. Armour had previously stated that defendant was competent to stand trial, however, it is unclear whether it was Dr. Armour's report on which the court relied for its ruling on May 16, 1989.

The trial court has broad discretion to grant or deny a request for a second psychiatric examination. *State v. Jones,* 747 S.W.2d 229, 234 (Mo.App.1988). In *Jones,* as in the instant case, the only evidence of a change in the defendant's condition was his defense counsel's assertion that he was acting strangely. Our court held that the trial court's finding that such testimony was insufficient to suggest a change in condition was not an abuse of discretion. *Id.* Our review of the record convinces us that defendant did not "lack the capacity to understand the nature and object to the proceedings against him, to consult with

counsel, and to assist in preparing his defense." *State v. Boyd,* 706 S.W.2d 461, 464 (Mo.App.1986). We find no abuse of discretion.

■ Defendant next complains that the trial court erred in submitting Instruction No. 8:

### INSTRUCTION NO. 8

You may consider evidence that the defendant had or did not have mental disease or defect in determining whether the defendant had the state of mind required to be guilty of attempt [sic] robbery second degree.

The term "mental disease or defect" means any mental abnormality regardless of its medical label, origin, or source.

If, after considering all of the evidence, including evidence that the defendant did or did not have a mental disease or defect, you have a reasonable doubt as to *whether defendant had the purpose to committ [sic] robbery second degree,* you must find the defendant not guilty of robbery second degree as submitted in Instruction No. 7. (Emphasis added).

Defendant contends that the underlined portion does not conform to MAI–CR 3d 308.03. We disagree. Notes on Use 4 specifically states: "In general, the language used to set out the culpable mental state should follow the language of the verdict director, ..." Notes on Use 4, MAI–CR 3d 308.03. The challenged language was taken verbatim from the verdict director. "[W]hen the proper instructions are given, appellate courts are powerless to declare them erroneous." *State v. Davis,* 675 S.W.2d 652 (Mo.App.1984).

■ Defendant next alleges error in the admission of testimony from a police officer who testified that after defendant was advised of his rights "he said that he did not want to talk to us, that he wanted to speak to an FBI agent." Defendant contends that this testimony violated the rule against the admissibility of post-arrest silence. "An accused's failure to volunteer an exculpatory statement is not admissible as an admission." *State v. Mathenia,* 702 S.W.2d 840, 842 (Mo. banc 1986) quoting

from *State v. Stuart,* 456 S.W.2d 19, 23 (Mo. banc 1970). However, the rule against the use of defendant's silence does not apply if the defendant:

chooses to waive his Fifth Amendment privileges by making statements while in custody ... It has been held that if an accused answers questions or makes statements after he has been taken in custody and has been advised of his *Miranda* rights, he has elected not to remain silent and has waived his right to do so. *State v. Frentzel,* 717 S.W.2d 862, 866 (Mo.App.1986).

The defendant in the instant case was given *Miranda* warnings twice, once before he spoke to the city police officers and again before he made his statement to Agent Meehan. Clearly, he waived his right to remain silent. Thus we see no error in the admission of the challenged testimony.

■ Defendant also claims that the trial court should have admitted a piece of paper found on defendant's person when he was arrested. The note was actually two pages; the first contained a list of persons under the heading "VIP's" and the second listed mental institutions and prisons, some of which had length of time notations next to them. Defendant wished to admit only the first page as proof of defendant's belief that the persons named in the note were conspiring against him. Prosecutor agreed to the admission if both pages were admitted. Defendant's counsel would not agree. Defendant asked that we consider this point under the plain error rule, admitting an improper objection at trial. We find no manifest injustice.

■ Defendant also contends the trial court erred in sentencing him as a persistent offender under § 558.019, RSMo 1986, because one of the two convictions relied upon occurred in 1959, thirty years ago. Section 558.019.6, RSMo 1986, states:

If a period of *twenty-five years or more* has passed between a prior plea of guilty, finding of guilty, or any type of release from the department of corrections, whichever is later, and the present

felony and accompanying commitment to the department, then the *defendant shall not be classified as a prior offender* for purposes of this section. (Emphasis added).

Clearly, the plain language of this section requires that defendant's sentence be vacated and this case remanded for resentencing.[2]

Defendant invites us to apply this time limitation to § 558.016, RSMo 1986. The challenged statute contains no time limitation. *State v. Watson,* 716 S.W.2d 398, 402 (Mo.App.1986). In addition, we must interpret the statute according to its plain and ordinary meaning. *State v. Burnau,* 642 S.W.2d 621, 623 (Mo. banc 1982). Thus, both of defendant's convictions may be considered with respect to deciding his punishment under § 558.016, RSMo 1986. Only his 1967 conviction may be considered with respect to § 558.019, RSMo.1986.

We remand for resentencing.

STEPHAN and CRANE, JJ., concur.

---

**2.** The statute provides for this determination to be made on either the defendant's conviction date, plea of guilty, or release date, whichever occurred latest. The trial court relied on the date of the plea since the state provided no evidence on defendant's release date. There is no evidence that use of the release date would have affected our decision.