**Everette J. McDARIS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 74866.**

Supreme Court of Missouri,
En Banc.

Dec. 18, 1992.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

BENTON, Judge.

After pleading guilty to six counts of selling amphetamines, Everette Junior McDaris filed a pro se motion to vacate the convictions. *Rule 24.035.* The circuit court appointed counsel, who filed an amended motion late. The State moved to dismiss both motions. The circuit court dismissed the amended motion, and denied the pro se motion without an evidentiary hearing.

On appeal, McDaris raises three points: first, whether the hearing on the motion to dismiss complied with the dictates of *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991), and *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991); second, whether the two allegedly invalid 1960 offenses can support a Class X offender enhancement under *§ 558.019 RSMo Supp.1989;* third, whether a fact hearing was required on four other points raised in the pro se motion. After opinion by the Court of Appeals, Southern District, this Court granted transfer. *Rules 30.27* and *83.03.* Affirmed in part and reversed in part, the case is remanded for further proceedings in accordance with this opinion.

### I. Abandonment by Counsel (Sanders–Luleff Issue)
#### A. History

On February 21, 1991, McDaris moved to vacate his 1991 convictions under Rule 24.-035, alleging 10 grounds:

ineffective assistance by first defense counsel (one); various forms of vindictive behavior by the prosecution (five); various reasons why one or more of the convictions were unconstitutional (two); enhancement provisions improperly included in amended information as punishment for seeking a jury trial (one); some prior convictions used for enhancement were invalid (one).

On April 25, 1991—62 days after appointment—counsel filed an amended motion. Besides incorporating all the pro se motion, the amended motion raised the six additional grounds discussed in Part B below.

On April 26, 1991, the State moved to dismiss both motions. The court asked motion counsel the reason for the late filing of the amended motion. Counsel responded: "There's no question we've had some problems getting the amended motion back from the penitentiary and filing it, but we filed it as soon as we could, as soon as we received it in the mail from Mr. McDaris." Based solely on this statement, the court found that the late filing was not due to abandonment by motion counsel, but rather due to the failure of McDaris to return the amended motion before April 21, 1991. As for the claims in the two motions, the court found them "conclusory," refuted by the record, not cognizable in a Rule 24.035 motion, or insufficient to state a claim. Thus, the motion court denied McDaris's pro se motion.

### B. The Absence of Prejudice from Dismissal of Amended Motion

■ McDaris alleges that motion counsel abandoned him by failing to file the amended motion on time, or at least that the trial court did not adequately investigate abandonment. To the contrary, the State alleges, and the motion court found, no abandonment.[1]

■ This case can be resolved by examining whether the movant was prejudiced

---

1. McDaris legitimately highlights the need to detail procedures for the *Sanders–Luleff* "independent inquiry," in the event of late or non-filing of the amended motion. In this case, the only court inquiry about abandonment was one question to motion counsel about the late filing, conducted as part of the State's motion to dismiss the day after filing—only 17 days after this

by the late filing. *Pollard v. State*, 807 S.W.2d 498, 502 (Mo. banc 1991). In this case, the amended motion did not raise anything beyond the pro se motion, except for claims clearly refuted by the record. No hearing is required where the record conclusively shows that movant is not entitled to relief. *Rules 24.035(g)* and *29.15(g)*. The record in this case clearly indicates that McDaris was not prejudiced by the failure to file the amended motion on time. *Cf. Balow v. State*, 796 S.W.2d 643, 645–46 (Mo.App.1990) (remand not required when record refutes claims in post-conviction motion).

To illustrate, McDaris first claims in the amended motion that counsel was ineffective by failing to explain the fact that he would be sentenced as a Class X offender, and the effect of such a classification. Even if true, any prejudice was preempted by the circuit court's meticulous explanation of his sentence before accepting his plea, and the circuit court's willingness to proceed to trial if McDaris changed his mind any time during the plea hearing. Thus, the record clearly refutes McDaris's claim of prejudice—that he would not have pled guilty if his counsel had properly explained his sentence. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). The associated claim of ineffectiveness in failing to contest his classification as a Class X offender was also raised and preserved in the pro se motion, and thus no prejudice comes from the alleged abandonment.

Second, McDaris claims in the amended motion that plea counsel "coerced and tricked" him by falsely promising that his wife would receive only 120–days–incarceration. To the contrary, McDaris stated on the plea record that no promises other than those in the plea agreement were made.

Additionally, this is corroborated by his statement in the plea hearing that he was not coerced into pleading guilty.

Third, McDaris claims in the amended motion that plea counsel represented, on the date of the plea, that he was unprepared for trial. Numerous times during the plea, the trial court asked McDaris whether he was satisfied with plea counsel, whether plea counsel had done all that McDaris had asked, and whether McDaris needed more time to discuss his case with counsel. The record clearly refutes subsequent allegations that counsel was unprepared on the date of the plea hearing.

Fourth, McDaris claims in the amended motion that counsel was ineffective for failing to seek reduced bond. The record shows that counsel requested bond reduction on April 13, 1990, and at several later times. Thus, the record refutes this point.

McDaris also claims that he pled guilty to get proper medical treatment—allegedly unavailable in the county jail. However, the record clearly indicates that he was receiving treatment at the time of the plea hearing, and further shows that, but for the plea, trial would have begun then—as the plea judge noted: "a jury [is] waiting now in the rotunda ready to try this lawsuit." Pleading guilty had no effect on his medical treatment.

Fifth, McDaris claims in the amended motion that counsels were ineffective for failing to file several motions. With respect to the first counsel, Dean Price, these allegations appear in the pro se motion and are discussed in Part III.B.

With respect to Clifford Saulter, the plea counsel, the allegations state only conclusions—that he "failed to consult with and interview five witnesses" without naming them or describing any basis that they

---

Court's opinions in *Sanders* and *Luleff*. Motion counsel, however, faces possible discipline for negligently filing the amended motion late. *Sanders*, 807 S.W.2d at 495; *Luleff*, 807 S.W.2d at 498 n. 1.

Pending issuance of a Rule change, the trial court should, as part of its independent inquiry under *Luleff*, inquire not only of postconviction counsel, but ensure that movant is informed of counsel's response and given an opportunity to reply. The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing. However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.

would know relevant and exculpatory information, and that Saulter "failed to file motions" without alleging any facts supporting those motions. Thus, McDaris has not alleged facts showing Saulter was ineffective with respect to these witnesses and motions. *See Balow*, 796 S.W.2d at 645 (post-conviction movants must "allege facts, not conclusions which, if true, would warrant relief"). In addition, these charges are clearly refuted by McDaris's affirmance during the plea hearing that Saulter did all that McDaris requested.

Sixth, the amended motion attacks the constitutionality of § 195.214 RSMo Supp. 1989—an issue clearly raised in the pro se motion and discussed in Part III.D. below.

## II. Classification of McDaris as a Class X Offender

In the tenth claim of his pro se motion, McDaris alleges that two 1960 convictions should not increase his classification to Class X offender. § 558.019 RSMo Supp. 1989. Based on the pro se motion, McDaris makes two arguments on appeal: 1) § 558.-019.6 limits "enhancement offenses" to those committed within 25 years of the current offense; and 2) the two 1960 convictions are not valid convictions, and counsel was ineffective for allowing them to enhance his sentence.

### A. The 25–Year Rule of § 558.019.6 RSMo Supp.1989

■ If 25 years have passed since a conviction (or any release from confinement, whichever is later), "then the defendant shall not be classified as a prior offender for purposes of this section." § 558.019.6 RSMo Supp.1989. McDaris contends that this statement mentioning "prior offender" means "persistent offender" and "Class X offender" as well. McDaris cites *State v. Lucas*, 809 S.W.2d 54, 57–58 (Mo.App. 1991), which held that "prior offender" in § 558.019.6 included all three levels of enhancement under § 558.019.

The State contends that "prior offender" merely means prior offender as defined in § 558.019.4(1), and not the other two enhancement classes. The State cites *State*

*v. Miller*, 821 S.W.2d 553, 556–57 (Mo.App. 1991). As McDaris notes, *Miller* discusses only whether "prior offender" in § 558.-019.6 refers to *other* enhancement statutes, in particular § 558.016 RSMo 1986.

By the plain language of the statute, *Lucas* was wrongly decided. The terms "prior offender," "persistent offender," and "class X offender" are terms of art within § 558.019 and have only the meaning given them by that statute. When the General Assembly used "prior offender for the purposes of this statute" in § 558.-019.6, the General Assembly meant "prior offender" as defined in § 558.019.4(1).

The present case legitimates this distinction. The record clearly shows that McDaris committed offenses approximately once each decade—in 1960, in 1969, in 1982, and the current offenses in 1990. *Section 558.019.6* excuses an offender who committed one and only one offense previously, and then maintained a long period of rehabilitation.

Though over 25 years old, the 1960 convictions—if valid—are one of the three offenses that make McDaris a Class X offender. § 558.019.4(3). To the extent inconsistent with this opinion, *State v. Lucas*, 809 S.W.2d 54 (Mo.App.1991), is overruled.

### B. The Validity of the 1960 Convictions Used for Enhancement

■ McDaris's pro se motion alleges that the 1960 convictions were invalid because he was not represented by an attorney, and includes allegations that his conviction (or that of a codefendant) were voided in a Rule 27.26 proceeding. The motion court held no hearing nor made any specific findings on this issue (possibly because the claim was detailed *after* the prayer for relief, but above the verification).

The State contends that the pro se motion insufficiently raised this issue by omitting whether McDaris waived counsel at the time of the 1960 convictions. The only case cited by the State is *State v. Brock*, 778 S.W.2d 13, 15 (Mo.App.1989), which addresses plain error review of impeach-

ment during trial, not the sufficiency of a post-conviction pleading.

■ Examining the various papers filed by movant with the circuit court during the sixty-day filing period, the pleadings allege that 1960 convictions were invalid due to the absence of counsel, and that a prior post-conviction court so held in this or a related case. Generally, invalid convictions may not be used to enhance punishment. *United States v. Tucker*, 404 U.S. 443, 448–49, 92 S.Ct. 589, 592–93, 30 L.Ed.2d 592 (1972); *Burgett v. Texas*, 389 U.S. 109, 114–15, 88 S.Ct. 258, 261–62, 19 L.Ed.2d 319 (1967); *State v. Van Horn*, 625 S.W.2d 874, 879 (Mo.1981).

The appropriate course at this point is to remand for an evidentiary hearing on this issue at which the movant and the State may introduce evidence on these issues.[2]

### III. Remaining Issues in the Pro Se Motion

### A. Change of Judge

■ McDaris alleges in the pro se motion that the circuit court was without jurisdiction to accept his plea because a motion to change judge had been filed, and wrongly denied. The motion court apparently found this allegation "not cognizable in a proceeding under Rule 24.035."

A change of judge is mandatory only if filed within thirty days after arraignment or designation of the trial judge, whichever is later. *See* Rule 32.07(c). The rules of the 31st Circuit Court assign cases to judges shortly after filing. *See* Local Rules 6.2.3(b), 6.5.3. Arraignment occurred on April 13, 1990. The motion to disqualify was not filed until December 31, 1990, and thus was not mandatory.

■ McDaris also alleges that the plea judge was biased and should have recused himself. Even if there were a possible ground for recusal, the court itself decides if the bias threatens "fundamental fairness" (subject to review for abuse of dis-

cretion). *See State v. Frederickson*, 739 S.W.2d 708, 710–11 (Mo. banc 1987); *State v. Cooper*, 811 S.W.2d 786, 790–91 (Mo. App.1991); *Callahan v. State*, 712 S.W.2d 25, 26–27 (Mo.App.1986). A guilty plea—especially where a plea agreement controls sentence—waives such errors. *Tygart v. State*, 752 S.W.2d 362, 365 (Mo.App.1988) (appeal of guilty plea limited to jurisdiction over the case and sufficiency of the indictment or information). Such errors are not cognizable under Rule 24.035; the motion court did not clearly err in dismissing this claim.

### B. Ineffective Assistance of Counsel

■ McDaris alleges, in the pro se motion, prejudice from the failure of Dean Price—the original defense counsel—to file certain motions and otherwise actively defend the case. The motion court found this allegation refuted by the record, as were claims that Price admitted an inability to adequately represent McDaris. All other claims were characterized as "conclusory and unsupported by factual allegations."

The record does indicate that Price did file some motions. As for unfiled motions, the pro se motion does not show any grounds for believing they had merit. These statements are, as noted by the motion court, conclusory. In addition, any ineffectiveness by Price is irrelevant due to his replacement by Saulter. None of the motions—which Price should have supposedly filed—had to be filed before trial, and thus could have been filed after the appointment of Saulter. *Rule 24.05*.

McDaris additionally alleges ineffectiveness in connection with some motion for a speedy trial, which should have been filed—an allegation found "conclusory" by the motion court. As the trial was set for January 8, 1991—about five months after the last docket entry showing Price's acts—and McDaris pled guilty on that date, nothing in the pro se motion shows that McDaris would not have pled guilty if the

---

**2.** The State contends McDaris did not expressly make a timely request for an evidentiary hearing. McDaris notes, correctly, that the State moved to dismiss without an evidentiary hear-

ing, and he, pro se, immediately opposed that motion—all well within the time to request a hearing.

trial had been set earlier. As such, McDaris failed to state a claim of prejudice from Price's behavior and is not entitled to relief. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

## C. Double Jeopardy

 The motion court found that the claim of double jeopardy was "not cognizable" in a Rule 24.035 motion. A double jeopardy claim *can* be raised in a Rule 24.035 proceeding, if the face of the record shows that the conviction or sentence violates double jeopardy. *Hagan v. State,* 836 S.W.2d 459, 461 (Mo. banc 1992).

 McDaris's claim of double jeopardy in his pro se motion alleges that Counts V and VI are the same offense. These two counts allege separate violations for his sale of two different drug packets to two officers—one packet to each officer with the sale of each packet negotiated separately—at the same meeting. Because there were two separate quantities sold to two individuals and two separate negotiations for these two sales, Counts V and VI are not the same offense. *See State v. Woodfin,* 559 S.W.2d 273, 275–77 (Mo.App. 1977); *State v. Gordon,* 536 S.W.2d 811, 818–21 (Mo.App.1976); *cf. Parker v. State,* 608 S.W.2d 543, 546–47 (Mo.App.1980) (emphasizing that it is the number of sales and not the number of individuals which determines the number of offenses). Thus, conviction and punishment for both counts does not constitute a double jeopardy violation.

## D. Constitutionality of § 195.214 RSMo Supp.1989

 McDaris alleges that *§ 195.214* violates the due process and equal protection guarantees of the United States and Missouri Constitutions. McDaris notes that some of the sales occurred in his home near a school, but when students were not in the area. McDaris recognizes that *§ 195.214*

has some rational basis—a state interest in drug-free zones around schools—but argues that the circumstances of his offense make the statute unconstitutional as applied to him.

The motion court found that this issue was "not cognizable" in a Rule 24.035 motion. The State argues that this issue was not preserved (even if cognizable) because not raised at the earliest possible opportunity. Assuming arguendo that the issue is properly before this Court, it is meritless.

A similar argument—alleging that *§ 195.214* was "overbroad"—has been previously rejected. *State v. Prowell,* 834 S.W.2d 852, 855 (Mo.App.1992). Likewise, every federal court to face the issue has rejected similar challenges to the federal statute on drug sales near schools, *21 U.S.C. § 860. See, e.g., United States v. Rowe,* 911 F.2d 50 (8th Cir.1990) (rejecting argument that application of statute to sales between two adults violated due process and equal protection).[3]

McDaris assumes that the State, after deciding to clear an area of drugs, may only keep that area clear of drugs at a particular time and in a particular way. Having a rational basis for a drug-free zone, the State may preserve the zone at all times.

## IV.

The decision of the circuit court is affirmed in part, and reversed in part; the case is remanded for further proceedings in accordance with this opinion.

All concur.

---

3. *See also, e.g., United States v. Campbell,* 935 F.2d 39 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 348, 116 L.Ed.2d 287 (1991); *United States v. Crew,* 916 F.2d 980 (5th Cir.1990); *United States v. Holland,* 810 F.2d 1215 (D.C.Cir.), *cert.* denied, 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987); *United States v. Agilar,* 779 F.2d 123 (2d Cir.1985), *cert. denied,* 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986).