STATE of Missouri, Respondent,

v.

Antonio DUNN, Appellant.

No. 73043.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1998.

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Antonio Dunn, appeals from the denial of his Rule 29.07(d) motion to set aside a plea of guilty to three charges of sale of a controlled substance. We affirm.

Defendant contends, in his sole point on appeal, that the trial court erred in denying his Rule 29.07(d) motion because the transcript from the proceeding at which he was placed on probation could not be located or prepared, thus resulting in the denial of a full and fair review of defendant's claims. Our review is limited to determining whether the trial court abused its discretion or was clearly erroneous. *Sharp v. State,* 908 S.W.2d 752, 755 (Mo.App. E.D.1995).

On February 3, 1992, defendant pled guilty to three counts of sale of a controlled substance. The trial court, on October 6, 1992, suspended the imposition of defendant's sentence and placed him on probation for a period of five years. Later, on October 26, 1994, the court revoked his probation and sentenced him to consecutive terms of imprisonment of fifteen years for each of the three counts of sale of a controlled substance.

Defendant filed motions for post-conviction relief pursuant to Rule 24.035 on November 21, 1994, and on January 9, 1995. In his second motion for post-conviction relief, defendant alleged that the State had violated the conditions of the plea agreement, which resulted in a sentence far in excess of that promised defendant in exchange for his guilty plea.

In her efforts to assist defendant with his motion for post-conviction relief, defendant's counsel requested a transcript from the proceeding of October 6, 1992, at which defendant was placed on probation. Due to the loss of his notes pertaining to that matter, however, the court reporter was unable to prepare a transcript of the October 6 proceeding.[1] Defendant then filed a motion to set aside his plea of guilty under Rule 29.07(d) on June 5, 1995. In this Rule 29.07(d) motion, defendant claimed that without the missing transcript, he could not determine and set forth in his Rule 24.035

---

1. The record reflects that the transcripts of defendant's plea hearing on February 3, 1992, and of defendant's probation violation hearing on October 26, 1994, are available.

motion every ground of relief to which he may have been entitled.

Defendant's post-sentencing claim that the State failed to honor its plea bargain is cognizable, if at all, under Rule 24.035. Although Rule 29.07(d) permits a motion to withdraw a plea of guilty after sentence to correct manifest injustice, "the normal scope of the procedure is meant to apply 'only before sentence is imposed.'" *State v. Myers,* 588 S.W.2d 236, 236 (Mo.App.1979). Moreover, a motion to withdraw a plea of guilty after the imposition of sentence constitutes an "attack on the validity of the sentence within Rule [24.035(a) ]." *Id.* at 236–37. Finally, the contention that a plea was "induced by an unhonored plea bargain is most aptly determined by a hearing on a Rule [24.035] petition." *Id.,* at 237, *citing Bradley v. State,* 564 S.W.2d 940 (Mo.App.1978). Defendant's point is denied.

The judgment of the trial court is affirmed.

AHRENS, P.J., and KAROHL, J., concur.