**STATE of Missouri, Respondent,**

v.

**Mohammed SULTAN, Appellant.**

**No. ED 75057.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 4, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 2000.

Application for Transfer Denied
April 25, 2000.

Stormy White, Asst. Public Defender, Clayton for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Defendant, Mohammed Sultan, appeals from the denial of his Rule 29.07(d) motion to withdraw his guilty plea to the crime of rape after an evidentiary hearing. We reverse and remand with directions.

In August 1993, defendant was arrested and charged with rape. Defendant remained in custody until his plea hearing on November 12, 1993. At the time of his plea, defendant was an alien from Iraq who had lawfully resided in the United States for approximately one year. The state recommended a sentence of five years imprisonment with suspended execution of that sentence and five years probation. The court accepted defendant's guilty plea and sentenced him to five years imprisonment. The court suspended execution of this sentence and placed defendant on probation for five years. The U.S. Department of Immigration and Naturalization has placed defendant in custody and has begun deportation proceedings based on the conviction in the present case.

In May 1998, defendant filed his Rule 29.07(d) motion to withdraw his guilty plea. In his motion, defendant alleged: (1) at the time of his plea, he spoke poor English and did not understand the English language, and therefore he did not knowingly and intelligently waive his rights; (2) if deported to Iraq he would be executed; (3) his attorney failed to inform him of the elements of the crime, available defenses, consequences of a guilty plea, the right to a jury trial, and that a jury could find him not guilty; (4) his attorney failed to properly investigate the charge including what the victim's testimony would have been; and (5) his attorney failed to investigate his immigration status to determine that entering a guilty plea would result in deportation to Iraq where he would be executed. Defendant also alleged that failure to set aside the conviction and permit him to withdraw his plea would violate his constitutional rights, including due process and equal protection.

Various witnesses testified at the Rule 29.07(d) hearing as to defendant's limited understanding of English. The victim in

the underlying case testified on behalf of defendant. She testified that she and defendant had been dating for about one year prior to August 1993, and their relationship was of a sexual nature. She also testified that defendant did not understand "real English" and "[t]he only thing he understood was street slang." She further testified that at the time of defendant's plea he would not have understood a court proceeding without an interpreter. Defendant's attorney testified that prior to the plea, he and defendant "had a play-acting rehearsal of the plea." When asked whether he was satisfied that defendant was capable of entering a knowing and intelligent plea after the meeting and rehearsal, the attorney stated "Well, yes and no. I mean, I felt he understood well enough to proceed, but I wasn't comfortable enough doing it without an interpreter. I did make efforts the next day, after I did talk with him, to call the International Institute to try and set up an interpreter, just to make sure." The attorney stated further, "So I can't say that I was a hundred percent convinced that he understood what was going on. I felt comfortable enough with it that with an interpreter, we could proceed." Defendant's caseworker spoke to him in jail and found his English ability "very limited." She said an interpreter was necessary for a court proceeding because defendant would have only understood very simple questions calling for a "yes or no" answer. Two other witnesses from Iraq testified as to defendant's limited English language abilities. After the hearing, the court denied defendant's motion. This appeal followed.

■■■ In reviewing the denial of a motion to withdraw a guilty plea, we determine whether the trial court abused its discretion or was clearly erroneous. *State v. Dunn*, 970 S.W.2d 891, 891 (Mo.App. E.D.1998). A defendant must prove by a preponderance of the evidence that the trial court erred. *Sharp v. State*, 908 S.W.2d 752, 755 (Mo.App. E.D.1995). Rule 29.07(d) provides that "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended, but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

■■■ We first consider defendant's contention that he did not knowingly and intelligently plead guilty due to his limited understanding of English. A defendant pleading guilty waives several constitutional rights. *State v. Shafer*, 969 S.W.2d 719, 731 (Mo. banc 1998); *Huth v. State*, 976 S.W.2d 514, 517 (Mo.App. E.D.1998). Before a guilty plea is effective, the record taken as a whole must show that a defendant pleading guilty is aware, understands, and freely relinquishes his or her guaranteed constitutional rights.[1] *Shafer*, 969 S.W.2d at 732. Here, defendant filed his Rule 29.07(d) motion after sentencing. Clearly, it is a manifest injustice to permit a defendant to plead guilty and be sentenced if, because of a language barrier, he cannot understand the proceeding. *See State v. Reese*, 481 S.W.2d 497, 499–500 (Mo. banc 1972); *State v. Bonds*, 521 S.W.2d 18, 20 (Mo.App.1975).

Rule 24.02 sets forth procedures for a court to accept a defendant's guilty plea. Here, the transcript of the plea proceeding indicates compliance with Rule 24.02 if defendant understood the proceedings. At

---

1. In reviewing a claim that a court for a Rule 24.035 motion erred in finding that the defendant's waiver of counsel and guilty plea were voluntarily, knowingly and intelligently made, our Supreme Court stated "When an appellant/movant claims that a waiver of counsel or guilty plea violates due process, the state bears the burden of producing evidence that the waiver or plea is competently, voluntarily and understandingly made." *Shafer*, 969 S.W.2d at 727. Once the state presents prima facie evidence of a constitutional waiver or plea, "the burden shifts to the petitioner to prove by a preponderance of the evidence that the appellant's/movant's waiver was involuntary, or unintelligent or unknowing." *Id.* at 727–28.

the time of his plea, defendant had been in jail for three months. Defendant's attorney informed him that if he pleaded guilty he would not only get out of jail but he would be placed on *probation* for the crime of rape. Despite defendant's attorney's opinion regarding the need for an interpreter, the plea proceeding occurred without one. It is with this background that the trial court took defendant's plea and questioned him pursuant to Rule 24.02.

Defendant stated he was twenty-one years old, had nine years of education in Iraq, his primary language was Arabic, he had been in the United States for one year, and he had not been in "trouble before." In response to inquiry by the trial court, defendant stated that he understood *some* English. Rather than having the defendant admit the crime by stating what he did, the trial court permitted the state to recite the charge as provided in the indictment. The defendant simply answered "Yes, correct" and "Yes." Thus, defendant's "admission of guilt" was of little aid in determining whether defendant understood English. While many of the answers to the judge's questions were "yes, I understand," a disturbing number were "no, I don't understand." At one point he told the court that he liked "prison." When then asked, "what is prison?" defendant stated "You mean do I like the United States?" [2]

A defendant with no language ability is unlikely to suffer manifest injustice because of an inability to pass even the briefest and superficial scrutiny of the trial court. Rather, it is a defendant who is able to recite a few words in English with a minimal understanding of the meaning and consequences of his words who is likely to suffer manifest injustice. The overwhelming weight of the evidence at the rule 29.07(d) hearing was that his English was limited. A reading of the transcript of the plea indicates that defendant, by his own admission, understood *some* English. However, the transcript is insufficient to support a finding that defendant was aware, understood, or freely relinquished his guaranteed constitutional rights, and therefore his guilty plea was not effective. Defendant satisfied his burden by a preponderance of the evidence to show the requisite error by the trial court in denying his Rule 29.07(d) motion.

The judgment is reversed and the cause is remanded with directions to set aside defendant's plea and sentence.[3]

KENT E. KAROHL, J. and MARY K. HOFF, J., Concur.

---

2. This even after a rehearsal of the plea with his attorney prior to appearing in court.

3. In view of our holding, we do not address defendant's contention that his plea of guilty was involuntary because of defense counsel's failure to inform him of the possible collateral consequences of a rape conviction, to wit, deportation to Iraq, torture and execution.