Antonio DUNN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 76120.

Missouri Court of Appeals, Eastern District, Division Four.

May 23, 2000.

Mary S. Choi, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Movant, Antonio Dunn, appeals from the judgment denying an amended Rule 24.035 motion as untimely. We reverse and remand for further proceedings.

On February 3, 1992, Movant pleaded guilty to three counts of sale of a controlled substance, section 195.211 RSMo. 1986. At that time, the state recom-mended seven years for each count and opposed probation. The prosecutor also said that the state was "taking no position as to whether these counts were to run concurrent[ly] or consecutively. The State's recommendation is that Count I and II will run concurrently and then there is no position as to whether or not Count III will be concurrent or consecutive with Count I and II." While discussing the possible sentences, the court acknowledged that defendant would be asking for a pre-sentence investigation and upon a favorable report would be seeking probation. The court deferred sentencing for preparation of the pre-sentence report. On October 6, 1992, the court suspended imposition of sentence and placed Movant on five years' probation. On October 26, 1994, the court, after a hearing, revoked Movant's probation and sentenced him to three consecutive terms of fifteen years.[1]

Movant filed a timely pro se motion pursuant to Rule 24.035 on November 21, 1994. The court appointed the public defender's office to represent Movant on November 29, 1994. On December 13, 1994, a public defender entered her appearance for Movant. Counsel filed a motion for additional time to file an amended motion, citing *State v. White*, 798 S.W.2d 694 (Mo. banc 1990), because no transcript of the underlying criminal proceedings had been prepared. The motion court granted this motion, ordering any appointment of counsel was not effective until a complete transcript of the underlying proceedings was filed and then granting counsel an additional thirty days to file an amended motion. Shortly thereafter, on January 9, 1995, Movant filed a pro se amended Rule 24.035 motion.

Movant's then counsel did not file an amended Rule 24.035 motion. Instead, what happened is outlined in a prior appeal in this case, *State v. Dunn*, 970

---

1. The court also ordered that the sentence be served concurrently with a sentence he was then serving for a different case.

S.W.2d 891 (Mo.App. E.D.1998). Movant's counsel learned the court reporter was unable to prepare a transcript of the October 6, 1992 proceeding where Movant received a suspended imposition of sentence because he had lost his notes. On June 5, 1995, counsel filed a Rule 29.07(d) motion asking Movant be permitted to withdraw his guilty plea because counsel was unable to file an amended Rule 24.035 motion without the October 6, 1992 transcript. Counsel had transcripts of Movant's guilty plea and probation revocation hearing and sentencing. The court denied Movant's Rule 29.07(d) motion. *Dunn*, 970 S.W.2d at 891. This court affirmed that denial and held that Movant's claim should have been raised in a Rule 24.035 motion. *Id.* at 892. The mandate for this appeal was issued on August 10, 1998.

On October 1, 1998, another attorney from the public defender's office filed a "First Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing" (hereafter referred to as "second amended motion"). This attorney filed a request that the motion court consider the second amended motion as timely filed under *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), because the untimeliness was not Movant's fault. In that motion, counsel outlined the facts of the case and explained that the second amended motion had not been filed before because of counsel's actions on the Rule 29.07(d) motion. Counsel alleged, "Postconviction counsel had a duty to complete and file and (sic) amended motion within the time guidelines and the fact that [it] is filed late is solely and only the fault of undersigned counsel." The court initially granted Movant's request. But after the state filed a written objection, the court denied Movant's request to accept the second amended motion as timely filed under *Sanders* and therefore did not address the merits of this motion. The court also denied Movant's pro se motion and pro se amended motion without an evidentiary hearing, stating "In reviewing both motions, it is clear that the files and records in this case conclusively show that movant is entitled to no relief." Movant appeals, raising two points.

We first address Movant's second point. Movant contends the motion court clearly erred in finding his second amended motion untimely because under *White*, an amended motion was not due until all the transcripts had been filed. Because there exists no transcript of the October 6, 1992 proceeding where Movant received a suspended imposition of sentence, Movant argues an amended motion is not even due yet.

Movant's case is governed by the 1994 version of Rule 24.035 because his sentence was pronounced before January 1, 1996. Rule 24.035(m) (1996). Under Rule 24.035(f) (1994), an amended motion was due "within thirty days of the date counsel is appointed." The motion court could only extend the time for filing the amended motion "for one additional period not to exceed thirty days." Rule 24.035(f) (1994). Here, counsel was appointed on November 29, 1994, and granted one thirty day extension. Even with the extension, however, the amended motion was due January 28, 1995.

■ Movant contends that *White* grants a further extension. In that case, White filed a motion to vacate his conviction under Rule 29.15 (1994). *White*, 798 S.W.2d at 696. An amended motion was filed before the transcript of the jury trial was filed. *Id.* Seeking to harmonize Rule 29.15(b) with Rule 29.15(f), the court held the amended motion was not due until at least thirty days after the time both the trial transcript was filed and counsel was appointed. *Id.* Movant relies on this holding to contend his amended motion is not yet due. However, the holding in *White* is limited to Rule 29.15 and has no applicability to Rule 24.035, which has no provision similar to the one in Rule 29.15(b) addressed in *White*. *See Phillips v. State*, 902 S.W.2d 318, 320 (Mo.App. S.D.1995). Therefore, Movant's second amended mo-

tion had to be filed within sixty days of the appointment of his counsel, unless some other exception applies. Movant's second point is denied.

In his first point, Movant argues the motion court clearly erred in denying as untimely his second amended motion. The court found that *Sanders* did not apply because Movant was directly at fault for filing the pro se amended motion without notifying his attorney and he "failed to present any evidence of his lack of fault in this matter, apart from his present attorney's assertions." Movant contends that this motion should be considered as timely filed under *Sanders,* because he was not at fault for the late filing of the motion.

■ In *Sanders* and in *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991), the Missouri Supreme Court created two exceptions to the time requirements of Rule 29.15 based on abandonment of post-conviction counsel. *Moore v. State,* 934 S.W.2d 289, 290 (Mo. banc 1996)(applying *Luleff* and *Sanders* analysis for Rule 24.035 motions). In *Sanders,* the court held that abandonment occurs when the record reflects that counsel has determined that there is a sound basis for amending the pro se motion but fails to file the amended motion in a timely manner.[2] *Sanders,* 807 S.W.2d at 494–95. The court also held that relief should be ordered "only when a movant is free of responsibility for the failure to comply with the requirements of the rule." *Id.* at 495. The court further held as follows:

> At such time as counsel may seek leave to file pleadings out of time, the motion shall set forth facts, not conclusions, showing justification for untimeliness. Where insufficiently informed, the court is directed to make independent inquiry as to the cause of the untimely filing. The burden shall be on the movant to demonstrate that the untimeliness is not the result of the negli-

gence or intentional conduct of the movant, but is due to counsel's failure to comply with Rule 29.15(f). If the court determines that the untimeliness resulted from negligence or intentional conduct of movant, the court shall not permit the filing. Should the failure to file a timely amended motion result from inattention of counsel, the court shall permit the filing.

*Id.*

■ As previously discussed, Movant's amended motion was due by January 28, 1995. Counsel did not file the second amended motion until October 1, 1998, and the Rule 29.07(d) motion was not filed until June 5, 1995. Movant did file a pro se amended motion on January 9, 1995. However, contrary to the motion court, we do not find that Movant's filing of a pro se amended motion without notifying his counsel eliminated post-conviction counsel's responsibilities under Rule 24.035(e) (1994).

■ In a case after *Sanders* and *Luleff,* the Missouri Supreme Court set forth the procedures for the *Sanders-Luleff* independent inquiry in the event of a late filing or non-filing of an amended motion. *McDaris v. State,* 843 S.W.2d 369, 371 n. 1 (Mo. banc 1992), *overruled on other grounds, State v. Carson,* 941 S.W.2d 518 (Mo. banc 1997); *see Brown v. State,* 968 S.W.2d 725, 727 (Mo.App. E.D.1998). The method of the court's inquiry may be formal or informal, but "a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous." *McDaris,* 843 S.W.2d at 371 n. 1. "The inquiry *McDaris* suggests is designed to determine where fault lies when an amended motion is filed out of time." *Moore,* 934 S.W.2d at 291. Here, there is an insufficient record and the cause must be remanded for the court to proceed in

---

**2.** Under *Luleff,* abandonment occurs "when post-conviction counsel takes no action on movant's behalf and, as a result, it appears *on*

*the face of the record* that movant is deprived of a meaningful review of post-conviction claims." *Moore,* 934 S.W.2d at 291.

accordance with *McDaris.* If the court determines that the untimeliness of the second amended motion resulted exclusively from counsel's action or inaction, the court shall consider the second amended motion as timely filed and proceed according to Rule 24.035 (1994). *See Sanders,* 807 S.W.2d at 495.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

MARY K. HOFF, Judge and JAMES A. PUDLOWSKI, Senior Judge: Concur.