In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

GREGORY ANDERSON, ) No. ED108701
 )
 Appellant, ) Appeal from the Circuit Court
 ) of the City of St. Louis
 vs. ) 1722-CC01371
 )
STATE OF MISSOURI, ) Honorable Katherine M. Fowler
 )
 Respondent. ) Filed: February 16, 2021

 Gregory Anderson (“Movant”) appeals the judgment denying his Rule 29.151 motion for

post-conviction relief. The motion court considered and denied each of Movant’s allegations of

error made in his pro se motion and in his untimely amended motion. Although the motion court

found that Movant had not been abandoned by post-conviction counsel, the record is inadequate

for us to determine whether the motion court made the mandatory independent inquiry into

whether abandonment occurred so as to allow for his untimely amended motion to be considered.

Therefore, we must reverse and remand this matter for the motion court to conduct such an

independent inquiry on the record.

 I. BACKGROUND

 Following a jury trial, Movant was convicted of two counts of second-degree statutory

sodomy, three counts of incest, one count of sexual misconduct involving a child by indecent

1
 All references to Rule 29.15 are to Missouri Supreme Court Rules (2017) (effective from January 1, 2017 through
June 30, 2017), which was the version of the Rule in effect at the time Movant’s pro se motion for post-conviction
relief was filed on May 22, 2017.
exposure, and one count of second-degree statutory rape. The trial court sentenced Movant as a

prior and persistent offender to a total sentence of thirty years of imprisonment. Movant then

filed a direct appeal. This Court affirmed his convictions and sentences in State v. Anderson, 511

S.W.3d 472 (Mo. App. E.D. 2017), with the mandate being issued on March 24, 2017.

 Movant timely filed a pro se Rule 29.15 motion for post-conviction relief on May 22,

2017.2 Movant’s pro se motion asserted several claims.

 Post-conviction counsel was appointed, entered his appearance, and requested additional

time to file Movant’s amended Rule 29.15 motion. However, the amended motion was not

timely filed.3 Instead, on October 16, 2017, counsel filed Movant’s amended motion alleging

three claims distinct from those raised in Movant’s pro se motion. On that same date, counsel

filed a motion pursuant to Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991), seeking relief

from the untimeliness of the amended motion based on abandonment. In the Sanders motion,

counsel asserted the untimeliness was solely caused by counsel (because of his many obligations

working for the Missouri Public Defender’s Office), not Movant. The State did not file a

response to the Sanders motion.

 A partial evidentiary hearing was held on the merits of Movant’s post-conviction claims.

The motion court did not hold a hearing about the issue of abandonment or otherwise conduct

2
 Movant’s pro se Rule 29.15 motion was filed fifty-nine days after our Court issued the mandate in Movant’s direct
appeal. Therefore, Movant’s pro se motion was filed within the ninety-day time limit set forth in Rule 29.15(b). See
Rule 29.15(b) (providing that “[i]f an appeal of the judgment or sentence sought to be vacated, set aside or corrected
was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued
affirming such judgment or sentence”).
3
 Rule 29.15(g) provides that where, as in this case, an appellant files a motion for post-conviction relief after a
direct criminal appeal and does not retain private counsel, the amended Rule 29.15 motion must be filed within sixty
days of “(1) the date both the mandate of the appellate court is issued and counsel is appointed.” Rule 29.15(g).
In addition, “[t]he court may extend the time for filing the amended motion for one additional period not to exceed
thirty days.” Id. In this case, after the mandate in Movant’s appeal was issued, the motion court appointed the
Missouri Public Defender’s Office to represent Movant on July 12, 2017. Because sixty days from that date fell on
Sunday, September 10, 2017, and because it is undisputed the motion court never ruled upon counsel’s request for a
thirty-day extension, Movant’s amended motion was due on or before Monday, September 11, 2017. See Missouri
Supreme Court Rule 44.01(a) (2017); Childers v. State, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) (“extensions
will not be presumed to have been granted without a record thereof”). Movant’s amended Rule 29.15 motion was
filed on October 16, 2017, and therefore, it was untimely.
 2
any inquiry into the question as far as this Court can discern from the record. Subsequently, the

motion court entered a judgment finding counsel’s Sanders motion was never presented to the

court, and “[n]o showing was made that [Movant] was abandoned by counsel.” Despite finding

no abandonment, the motion court’s judgment addressed and denied each of Movant’s claims

made in his pro se motion and in his untimely amended motion. Movant appeals.

 II. DISCUSSION

 In this case, Movant raises three points on appeal arguing the motion court clearly erred in

denying his three claims in his amended motion for post-conviction relief. In response, the State

contends our Court should decline to review Movant’s points and instead remand the case for an

independent inquiry of whether or not Movant was abandoned by post-conviction counsel. For the

reasons discussed below, we agree with the State and remand the case for such an independent

inquiry.

 First, it is undisputed on this record that Movant’s amended Rule 29.15 motion was

untimely filed. See footnote 3 of this opinion. The motion was due on September 11, 2017 and

was not filed until October 16, 2017. See id.

 The filing deadlines for a Rule 29.15 motion for post-conviction relief are mandatory and

cannot be waived. Johnson v. State, 612 S.W.3d 256, 258, 259 (Mo. App. E.D. 2020). When an

amended Rule 29.15 motion is untimely filed, the motion court should not reach the merits of the

motion. Id. “Instead, the motion court is required to make a record of an independent inquiry into

abandonment before considering the claims and evidence presented in the amended motion.” Id. at

259. The purpose of the independent inquiry into abandonment is to determine if the merits of the

amended Rule 29.15 post-conviction motion may be considered. Id. at 258, 259 (citing Moore v.

State, 458 S.W.3d 822, 825-26 (Mo. banc 2015)). If, after making an independent inquiry into

abandonment, the motion court determines the movant was not abandoned by post-conviction

 3
counsel, the court should adjudicate only the movant’s initial pro se motion for post-conviction

relief. Johnson, 612 S.W.3d at 259.

 To adequately review the issue of abandonment of post-conviction counsel, the record

must be clear enough for our Court to decide whether or not the motion court’s finding with

respect to abandonment was clearly erroneous. Id. (citing McDaris v. State, 843 S.W.2d 369,

371 n.1 (Mo. banc 1992)). Furthermore, if the record demonstrates there has been no

independent abandonment inquiry, then we must reverse and remand the case to the motion court

for such an inquiry. Johnson, 612 S.W.3d at 259 (citing, inter alia, Moore, 458 S.W.3d at 826).

 The untimely filing of an amended Rule 29.15 motion for post-conviction relief raises a

presumption of abandonment of counsel. Johnson, 612 S.W.3d at 258, 259 (citing Watson v. State,

536 S.W.3d 716, 719 (Mo. banc 2018)). “The motion court must independently inquire into post-

conviction counsel’s claims and the movant’s replies to those claims including the possibility

that a movant’s negligence or failure to act caused the untimely filing of the amended motion.”

Johnson, 612 S.W.3d at 259 (citing Watson, 536 S.W.3d at 719 and Luleff v. State, 807 S.W.2d

495, 498 (Mo. banc 1991)). If a movant’s negligence or failure to act caused the untimely filing

of the amended motion, then the movant is “entitled to no relief other than that which may be

afforded upon the pro se motion.” Johnson, 612 S.W.3d at 259 (quoting Luleff, 807 S.W.2d at

498).

 As recently explained by this Court in Johnson:

 ‘The method of making [an independent] inquiry [into abandonment] may be as
 formal or informal as the motion court deems necessary to resolve the question of
 abandonment by counsel, including, but not limited to, a written response and
 opportunity to reply, a telephone conference call, or a hearing. However, a
 sufficient record must be made to demonstrate on appeal that the motion court’s
 determination on the abandonment issue is not clearly erroneous.’ McDaris, 843
 S.W.2d at 371 n.1; see also Barber [v. State], 569 S.W.3d [559,] 560 [(Mo. App.
 E.D. 2019)]. Although the Court in McDaris does not provide an exhaustive list
 of methods of inquiry, the motion court must make a sufficient record of its
 inquiry. Barber, 569 S.W.3d at 560.
 4
Johnson, 612 S.W.3d at 259 (underlined emphasis of citations omitted and italicized emphasis of

citations added).

 Based on the aforementioned case law, our Court held in Johnson that we are compelled

to reverse and remand a case with an untimely amended Rule 29.15 motion (which is undisputed

to be the case here) for the motion court to make an independent inquiry into abandonment

when, (1) there is not an adequate record of such an independent inquiry; (2) the motion court

makes a specific finding indicating a movant has not been abandoned, because if it is true a

movant has not been abandoned, the claims of error raised in the untimely amended Rule 29.15

motion were waived and should not have been adjudicated; and (3) the movant’s points on

appeal concern the potentially-waived claims from his amended Rule 29.15 motion. 612 S.W.3d

at 259-60.

 All three of the previously-mentioned circumstances are present here. First, there is not

an adequate record of an independent inquiry into abandonment because the only matters in the

record on the abandonment question are, (a) the presumption of abandonment created by the

untimely filing of Movant’s amended Rule 29.15 motion, and (b) post-conviction counsel’s

assertion in his Sanders motion that counsel (because of his many obligations of working for the

Missouri Public Defender’s Office), was responsible for the untimely filing, not Movant. As we

held under similar circumstance in Johnson, “[t]his is not an adequate record of an independent

inquiry from which the motion court in the exercise of its discretion could determine the

abandonment issue nor is it an adequate record for us to review whether or not the motion court’s

determination with respect to abandonment is clearly erroneous.” See 612 S.W.3d at 259-60.

 Second, the motion court made a specific finding indicating Movant had not been

abandoned; specifically, the court found in its judgment that “[n]o showing was made that

[Movant] was abandoned by counsel.” See id. at 258, 260 (holding “the motion court
 5
specifically found that [the movant] had not been abandoned” where, similar to in this case, the

court found” “[t]he record does not provide a basis for a finding that movant was abandoned by

motion counsel”) (emphasis in original). Furthermore, and as previously indicated, if it is true

Movant has not been abandoned, the claims of error raised in the untimely amended Rule 29.15

motion were waived and should not have been adjudicated. See id. at 260 (similarly holding).

 And finally, similar to circumstances in Johnson where “[the movant’s] sole point on

appeal concern[ed] one of the [potentially-] waived claims from his untimely amended motion,”

in this case Movant’s three points on appeal concern the potentially-waived claims from his

untimely amended Rule 29.15 motion. See id. at 260.

 Pursuant to the reasoning in Johnson, we are compelled to reverse and remand this case

for the motion court to make an independent inquiry into abandonment to determine whether

Movant was abandoned by post-conviction counsel in connection with the untimely filing of his

amended Rule 29.15 motion for post-conviction relief. See id. at 259-60 (similarly concluding

and also finding: “If we affirmed the motion court’s finding of no abandonment after [ ] an

insufficient inquiry, we would have no choice but to dismiss [the movant’s] appeal. Because the

record contains nothing from which we can determine if the finding of no abandonment is in

error, we must reverse and remand the matter to the motion court to conduct a sufficient inquiry

into the issue.”).

 III. CONCLUSION

 The motion court’s judgment is reversed and the case is remanded to the motion court for

further proceedings consistent with this opinion.

 ROBERT M. CLAYTON III, Judge
Colleen Dolan, P.J., and
Kelly C. Broniec, J., concur.

 6