Nita Joyce BUNNELL, Individually and as Executrix of the Estate of Donald J. Bunnell, Jr., Deceased, Chemical Applicators of Houston, Inc., Chemical Applicators of Beaumont, Inc., and Chemical Applicators, Inc., Appellants,

v.

William H. JORDAN and W.H. Jordan, Jr., P.C., Appellee.

No. 01–89–00982–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 28, 1991.

Rehearing Denied April 11, 1991.

Jimmy D. Ashley, Houston, for appellants.

Henry P. Giessel, Alice Giessel, Houston, for appellee.

Before DUGGAN, MIRABAL and DYESS,[1] JJ.

## OPINION

DYESS, Justice (Assigned).

This appeal arises out of two lawsuits that were consolidated and then tried by the Galveston Probate and County Court. The first lawsuit was filed in the Galveston Probate and County Court by appellee, William H. Jordan and W.H. Jordan, Jr., P.C., against the representative of the estate of Donald J. Bunnell, Jr., for payment of legal services rendered. The second lawsuit was filed in the 133rd District Court of Harris County by Nita Bunnell, individually and as executrix of Donald Bunnell's estate. Three closely held corporations, of which Nita Bunnell was the sole shareholder, also entered the suit. This lawsuit was based upon allegations that W.H. Jordan committed legal malpractice, gross negligence, and deceptive trade practices by breaching fiduciary obligations. Appellants do not specifically point out how this is a shareholder derivative suit, or which of the claims belong to the corporations. Tex.R.App.P. 74(f).

On January 8, 1988, the probate court entered an agreed order of consolidation of

---

1. Hon. Arthur D. Dyess, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

the two lawsuits pursuant to appellee's Motion for Consolidation. Appellants requested the 133rd District Court of Harris County to transfer the causes of action they had filed there to the Galveston Probate and County Court. The case was tried to a jury in the Galveston Probate and County Court, and the jury found the estate liable to appellee in the amount of $9,544.16, finding against all of appellants' claims.

Appellants, in their sole point of error, claim that the trial court erred in transferring appellants' lawsuit from the 133rd District Court of Harris County to the Galveston Probate and County Court, for the reason that the probate court did not have subject matter jurisdiction. Appellants contend that the matters set forth in their causes of action were not incident to or appertaining to an estate, because the causes of action for W.H. Jordan's acts and omissions were brought expressly for the benefit of Nita Bunnell, individually, and on behalf of the three corporations as shareholder's derivative claims. Appellants contend that the estate of Donald Bunnell could not bring these claims in its own right.

Appellants, in their countersuit, complain that W.H. Jordan breached fiduciary duties, and such breaches constituted legal malpractice, gross negligence, and deceptive trade practices. W.H. Jordan had been the attorney for Donald Bunnell and his business for 12 years. He drew up Donald Bunnell's will, and after Donald Bunnell died, Nita Bunnell hired him as attorney for the estate.

Nita Bunnell claimed that W.H. Jordan misinformed her regarding the validity of paragraph IV of the will and its binding effect on her. Paragraph IV of the will left all the stock of the three corporations to Nita Bunnell, but gave the right to vote the shares to Richard Peterson, the former vice-president of the corporations, for as long as the companies performed according to the guidelines set forth in the will.

It is appellants' further complaint, in their countersuit, that W.H. Jordan breached his fiduciary duty by representing a

company called Annual Weed Control. This company was started by Richard Peterson, former vice-president of the appellant corporations, and LaSha Grimes, another former employee of the appellant corporations. Appellants complained that W.H. Jordan represented Annual Weed Control, Richard Peterson, and LaSha Grimes while he was still the attorney for appellants. That lawsuit involved claims that Annual Weed Control used confidential information obtained by Richard Peterson and LaSha Grimes while they were officers and employees of the appellant corporations. Appellants further alleged that such representation was a breach of fiduciary duty. At the time Richard Peterson and LaSha Grimes left the employ of the appellant corporations, W.H. Jordan remained attorney of record for the estate, but had withdrawn completely as attorney for the corporations. Appellants also state, in their countersuit, that the claim brought under the Deceptive Trade Practices Act[2] for severe emotional distress and damages was brought in Nita Bunnell's capacity as an individual and as executrix of the estate.

Courts having original probate jurisdiction have the power to hear all matters incident to an estate. TEX.PROB.CODE ANN. § 5(e) (Vernon Supp.1991). The Probate Code states that the phrases "appertaining to an estate" or "incident to an estate" include "all claims by and against an estate and generally all matters relating to the settlement, partition, and distribution of estates...." TEX.PROB.CODE ANN. § 5A(b) (Vernon Supp.1991). The Texas Supreme Court has held that the phrase "incident to an estate" has a broad meaning; thus, it covers a wide range of situations. *Novak v. Stevens*, 596 S.W.2d 848, 851 (Tex.1980).

The statute governing jurisdiction states that the "Probate and County Court of Galveston County has concurrent jurisdiction with the district court in cases in which a party to a cause filed in the district court is a personal representative as that term is defined by Section 3(aa), Texas Probate Code." TEX.GOV'T CODE ANN. § 25.0862(c) (Vernon 1988). Nita Bunnell falls within

---

2. TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon 1987 & Vernon Supp.1991).

the definition of a personal representative under the Texas Probate Code as she was the executrix of the estate. Tex.Prob.Code Ann. § 3(aa) (Vernon 1980). Further, the subject matter of the countersuit, as set forth above, involved a dispute arising during settlement of the estate about the effect of the terms of the will. A major portion of the countersuit is built around representations made by W.H. Jordan during the probating of Donald Bunnell's will. Therefore, subject matter jurisdiction was proper as to claims made by Nita Bunnell, individually and as representative of the estate.

Appellants argues that the probate court did not have subject matter jurisdiction over the suit because their claims were brought expressly for Nita Bunnell, individually and on behalf of the three corporations. Most of appellants' claims are clearly brought as a direct result of a conflict between the parties regarding the interpretation of the will. These claims fall within the jurisdiction of the probate court. Regarding their other claims, such as those involving the competing company, at the time these claims arose, W.H. Jordan was acting as the attorney for the estate only. Further, at this time the stock of the corporations were estate assets. It is unclear which causes of action appellants brought in what capacity; which ones Nita Bunnell brought as an individual, as executrix of the estate, and as a shareholder on behalf of the corporations. Appellants fail to point out which claims are brought by the corporations, and how they are brought as a shareholder derivative suit.

When jurisdiction is doubtful, we resolve all intendments in the pleadings in favor of jurisdiction. *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989). Since a lack of jurisdiction does not affirmatively appear on the face of the pleadings, we must presume in favor of jurisdiction. *Id.*

We overrule appellant's sole point of error, and we affirm the judgment of the trial court.