Ecclesiastes MATTHEWS, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 86784.

Supreme Court of Missouri, En Banc.

Oct. 18, 2005.

Rehearing ·Denied Nov. 22, 2005.

Mark A. Grothoff, Office of Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for Respondent.

MARY R. RUSSELL, Judge.

Ecclesiastes Matthews ("Movant") appeals the overruling of his motion for post-conviction relief, filed under Rule 29.15, without an evidentiary hearing. He asserts that, although he requested a Rule 32.03 change of venue at trial, his attorney did not object when the trial court failed to change venue to another county as required by the rule. After an opinion by the Court of Appeals, Eastern District, this Court granted transfer. Mo. Const. art. V, sec. 10. This Court finds that although Movant was entitled to a change of venue to another county, he did not suffer Strickland[1] prejudice from the trial court's denial of a proper venue change. The judgment of the motion court is affirmed.

## I. Facts and Procedural History

Movant was charged with two felony drug offenses in the Marion County Circuit Court, District 2 at Hannibal. Prior to trial, Movant sought a change of venue pursuant to Rule 32.03. Rule 32.03 provides that, upon the filing of a timely appli-

1. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

cation, a movant is entitled to one change of venue as a matter of right if the charges are brought in a county of fewer than 75,000 inhabitants. Marion County has fewer than 75,000 people, but the circuit court is divided into two districts pursuant to section 478.720, RSMo 2000 [2]—District 1 at Palmyra and District 2 at Hannibal. The court sustained Movant's request for a Rule 32.03 change of venue, but instead of transferring the case to a different county, the court transferred the case from District 2 at Hannibal to District 1 at Palmyra. Movant's attorney did not object to this venue change and proceeded to trial at the District 1 court in Palmyra.

Movant was convicted at trial and was sentenced as a prior offender to two consecutive 25–year prison terms.[3] Movant filed a Rule 29.15 motion alleging ineffective assistance of counsel and requesting an evidentiary hearing. The motion court overruled Movant's motion and his request for an evidentiary hearing. Movant appeals.

## II. Standard of Review

■ In reviewing the denial of relief under Rule 29.15, this Court is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Smulls v. State*, 71 S.W.3d 138, 147 (Mo. banc 2002). The motion court's disposition will only be disturbed if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made. *Id.* A movant is not entitled to an evidentiary hearing unless: (1) the movant pleaded facts, not conclusions, warranting relief;

(2) the facts alleged raised matters not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). Specifically, when the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege unrefuted facts establishing that (1) counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced. *Id.*

## III. Was Movant entitled to a change of venue to another county?

■ Movant first asserts that the trial court's failure to change venue out of Marion County violated Rule 32.03. Rule 32.03 states, in relevant part:

(a) A change of venue shall be ordered in any criminal proceeding triable by a jury pending in a county having seventy-five thousand or fewer inhabitants upon the filing of a written application therefor by the defendant....

. . . .

(c) If a timely application is filed, the court immediately shall order the case transferred to *some other county* convenient to the parties....

Rule 32.03 (emphasis added).

The plain language of Rule 32.03(a) provides that a defendant is entitled to a venue change without any showing of cause. Nonetheless, the State argues that sections 508.320 and 508.330 [4] indicate the legislature's intent that a change from one district to another within Marion County

---

**2.** All statutory references are to RSMo 2000 unless otherwise indicated.

**3.** The Court of Appeals affirmed Movant's conviction and sentence on direct appeal. *State v. Matthews,* 99 S.W.3d 494 (Mo.App. 2003).

**4.** These statutes provide for changes of venue for cause in certain circumstances and state that the venue change may be to another county *or* to the other district within Marion County.

114

be considered a change of venue. These statutes involve changes of venue *for cause.* The present case does not involve a change of venue for cause, but, rather, a change of venue as a matter of right under Rule 32.03. Sections 508.320 and 508.330 are, therefore, inapplicable.

Rule 32.03(c) clearly states that the transfer is to be to "some other county." As such, a transfer to a different district within the same county does not satisfy Rule 32.03.

■■ The trial court's failure to grant Movant a proper change of venue, however, is not dispositive of the case. The present appeal relates to Movant's claim of ineffective assistance of counsel under Rule 29.15.[5] In *Strickland,* the United States Supreme Court outlined a two-step approach for establishing a claim of ineffective assistance:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance **prejudiced** the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S.Ct. 2052 (emphasis added). Moreover, the prejudice prong requires a defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Movant did not plead that the failure to transfer the case to another county, rather than another district within the same county, resulted in any *actual prejudice.* He did not plead that anyone on the jury knew him, that any juror had heard anything about the case prior to trial, or that any juror was biased against him based on his race, gender, ethnicity, or any other trait. Indeed, Movant asserts that he need not show any actual prejudice. He maintains that prejudice is presumed simply from the fact that he was denied the change of venue provided for by Rule 32.03. Movant's contentions are incorrect.

In *Moss v. State,* this Court held that "Rule 32.03 does not create any presumption that a defendant cannot receive a fair trial in counties having seventy-five thousand or fewer inhabitants." 10 S.W.3d 508, 513 (Mo. banc 2000). The rule "merely recognizes [that] a defendant's ability to secure a fair trial in small counties is often contested and affords a defendant the right to change venue as a matter of convenience." *Id.* In fact, *Strickland* and its progeny only recognize three types of cases in which prejudice normally may be presumed: (1) where there has been an actual or constructive denial of the right to counsel altogether; (2) where the state has affirmatively interfered with counsel's representation; and (3) where counsel's representation is impeded by an actual conflict of interest. 466 U.S. at 692, 104 S.Ct. 2052; *see also Smith v. Robbins,* 528 U.S. 259, 287, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (discussing *Strickland's* three limited categories where prejudice is presumed). Movant's claims do not fall into

5. Had this issue been raised in an application for an extraordinary writ at the time the case was transferred to District 1 at Palmyra, or had the issue been raised on direct appeal, the appellate court would have been compelled to enforce the nondiscretionary mandate of Rule 32.03 to have the case transferred to a different county.

any of these categories. Because Movant did not plead any indication of actual prejudice stemming from his counsel's failure to object to the improper change of venue, he is not entitled to an evidentiary hearing on this issue.

## IV. Was counsel ineffective for deciding not to play the surveillance tape?

■ Movant also claims that his trial counsel was ineffective for failing to play a surveillance tape of the drug transactions. The State counters that this was trial strategy and that the motion court properly denied Movant an evidentiary hearing on the issue. The record reflects that Movant and his trial counsel had a long discussion about whether or not to play the tape. Despite strong encouragement from Movant and his family, trial counsel decided not to play the tape.

While Movant's trial counsel did not state a reason for his decision not to play the surveillance tape, he did indicate that he made the decision only after discussing the matter at length with his client. Further, the motion court concluded that the tapes could have bolstered the prosecution witnesses' testimony and emphasized matters that would have been detrimental to Movant.

■ Generally, choices regarding the introduction of evidence are considered trial strategy and are virtually unchallengable. *Taylor v. State*, 126 S.W.3d 755, 762 (Mo. banc 2004). Representation is an art that is easily scrutinized with the convenience of hindsight. *See Strickland*, 466 U.S. at 681, 104 S.Ct. 2052. It is not within the province of the courts, however, to second-guess every decision of the trial counsel. *Id.* at 689, 104 S.Ct. 2052. There is a strong presumption that the trial counsel's strategy was reasonable. *Id.* In order to rebut this presumption, Movant was required to allege facts showing that his trial counsel's performance was not reasonable and that he was thereby prejudiced. *Coates*, 939 S.W.2d at 914. Movant failed to meet this burden, and the motion court properly denied his request for an evidentiary hearing on this issue.

## V. Other Claims of Ineffective Assistance

Movant also alleges that his trial counsel was ineffective for failing to challenge the jury selection process prior to trial. He asserts that he was prejudiced in that jurors were not selected at random from a fair cross-section of Marion County because they were not selected from both districts in Marion County. Movant further argues that the jury selection process denied him equal protection and due process of law.

■ Movant's equal protection and due process claims involve an allegation of trial error. Allegations of trial error involving constitutional violations are not cognizable in a Rule 29.15 motion without a showing of exceptional circumstances for not raising the constitutional grounds on direct appeal. *State v. Redman*, 916 S.W.2d 787, 793 (Mo. banc 1996). Movant has not alleged the existence of any such circumstances. Accordingly, this Court will only address his ineffective assistance claim.

■ Under *Strickland*, Movant was required to show that his counsel's acts or omissions prejudiced him. 466 U.S. at 687, 104 S.Ct. 2052. Movant failed to allege any facts indicating that he was prejudiced by the jury selection process. The motion court properly denied him an evidentiary hearing on this issue.

■ Lastly, Movant alleges that his trial counsel was ineffective for failing to introduce evidence of possible alternative

sources of some of the drugs at issue in the case. Trial counsel has nearly unfettered discretion as to what evidence to admit in presenting a case, as well as which witnesses to call. *Taylor*, 126 S.W.3d at 762. In this case, counsel was free to decide that evidence of possible alternative sources would be unpersuasive and that the testimony of other witnesses would have provided no assistance to Movant. Movant failed to allege facts in his Rule 29.15 motion indicating that witnesses were available to testify at trial that would have established an alternate source of the drugs at issue and refuted the overwhelming evidence against him. *See Coates*, 939 S.W.2d at 914. The motion court properly denied Movant an evidentiary hearing on this claim.

## V. Conclusion

Movant failed to plead facts showing that his trial counsel was ineffective and that he suffered *Strickland* prejudice. The motion court did not err in finding that he was not entitled to an evidentiary hearing on his Rule 29.15 claims. The judgment of the motion court is affirmed.

All concur.