

# SUPREME COURT OF MISSOURI
## en banc

CHARLES K. MOORE, )
)
Appellant, )
)
v. ) No. SC94277
)
STATE OF MISSOURI, )
)
Respondent. )

APPEAL FROM THE CIRCUIT COURT OF ST. FRANCOIS COUNTY
The Honorable Sandra Martinez, Judge

*Opinion issued April 14, 2015*

Charles K. Moore appeals the judgment overruling his amended Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Mr. Moore's amended motion was filed out of time, creating a presumption of abandonment on the record. The motion court ruled on the amended motion without an independent inquiry into whether Mr. Moore was actually abandoned by appointed counsel. Because the existence of abandonment affects whether the claims in the amended motion have been waived, the Court reverses the motion court's judgment and remands the case.

## Factual and Procedural Background

In 2010, a jury convicted Mr. Moore of second-degree assault of a probation and parole officer for kicking a chair at a probation and parole officer and walking toward the officer with a clenched fist. Mr. Moore was sentenced as a persistent felony offender to a

term of 15 years in prison to run consecutively to the other sentences he was serving at the time. The court of appeals issued its mandate affirming Mr. Moore's conviction on April 18, 2012. *See State v. Moore*, 362 S.W.3d 509 (Mo. App. 2012).

On June 20, 2012, Mr. Moore timely filed a *pro se* Rule 29.15 motion, and the motion court appointed post-conviction counsel to represent Mr. Moore in the proceeding. Ninety-one days later, on September 19, 2012,[1] Mr. Moore's appointed counsel filed an amended motion alleging two claims of ineffective assistance of counsel: (1) that trial counsel was ineffective for filing a motion for change of judge and then withdrawing it against Mr. Moore's wishes; and (2) that trial counsel was ineffective for failing to seek a change of judge because the judge presiding over Mr. Moore's trial previously worked as a prosecuting attorney and was "involved" in a prior prosecution of Mr. Moore.

The motion court overruled the amended motion without an evidentiary hearing. The court found that trial counsel withdrew the motion for change of judge in Mr. Moore's presence and with his consent in open court and that Mr. Moore failed to allege prejudice "sufficient to trigger relief."

---

[1] The date and time of September 18, 2012, at 16:42 were electronically recorded across the top of each page of Mr. Moore's amended motion, appearing to indicate that this was the date and time the document was faxed to the circuit court of St. Francois County. Nevertheless, the docket sheet shows the amended motion was filed by that court on September 19, 2012, while the motion court finds in its judgment that the amended motion was filed on September 20, 2012. It is not necessary to resolve this discrepancy, however, because, under Rule 29.15(g), the amended motion was due 60 days after June 20, 2012, the earliest date when "both the mandate of the appellate court is issued and counsel is appointed," which was August 20, 2012.

Mr. Moore appeals. After an opinion by the court of appeals, the case was transferred to this Court. Mo. Const. art. V, sec. 10.

## Presumption of Abandonment by Appointed Counsel

Rule 29.15(g) governs the filing of an amended post-conviction motion. It provides in pertinent part:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

Post-conviction counsel was appointed on June 20, 2012, after the mandate in Mr. Moore's appeal issued. Therefore, the amended motion was due on or before August 20, 2012.[2] *See id.* While the rule allows for an extension of time up to 30 days, the record in this case fails to show that Mr. Moore's appointed counsel requested, or that the motion court on its own motion granted, an extension. Accordingly, the amended motion filed on September 19, 2012, was not timely.

Nevertheless, when post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute "abandonment" of the movant. *Price v. State*, 422 S.W.3d 292, 298 (Mo. banc 2014); *McDaris v. State*, 843 S.W.2d 369, 371 (Mo. banc 1992); *Sanders v. State*, 807 S.W.2d

---

[2] While 60 days from the date counsel was appointed was August 19, 2012, the motion was not due until the next day because August 19 was a Sunday. *See* Rule 44.01(a).

493, 494-95 (Mo. banc 1991). Abandonment by appointed counsel "extend[s] the time limitations for filing an amended Rule 29.15 motion." *Moore v. State*, 934 S.W.2d 289, 290 (Mo. banc 1996).

Rule 29.15(e) requires appointed counsel to "ascertain whether sufficient facts supporting the claims are asserted in the [*pro se*] motion and whether the movant has included all claims known to the movant as the basis for attacking the judgment and sentence." If the *pro se* motion does not assert sufficient facts or include all known claims, appointed counsel must file an amended motion. Rule 29.15(e). If appointed counsel determines an amended motion is not necessary, appointed counsel must file a statement setting out facts demonstrating counsel's actions to ensure no amended motion is needed. *Id.*

"The absence of a record of post-conviction counsel's attention to the *pro se* motion 'creates a presumption that counsel failed to comply with the rule.'" *Moore*, 934 S.W.2d at 291 (quoting *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991)). Likewise, when an amended motion is untimely filed, the record creates a presumption that counsel failed to comply with the rule because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely. *Id.*; *Sanders*, 807 S.W.2d 494-95.

When an untimely amended motion is filed, the motion court has a duty to undertake an "independent inquiry under *Luleff*" to determine if abandonment occurred. *Vogl v. State*, 437 S.W.3d 218, 228-29 (Mo. banc 2014). *See also Moore*, 934 S.W.2d at 290; *McDaris*, 843 S.W.2d at 371. If the motion court finds that a movant has not been

abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. *Sanders*, 807 S.W.2d at 495. *See also Luleff*, 807 S.W.2d at 498 ("If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion."). If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing. *Sanders*, 807 S.W.2d at 495.

In this case, the motion court did not make an independent inquiry into whether Mr. Moore was abandoned. When the independent inquiry is required but not done, this Court will remand the case because the motion court is the appropriate forum to conduct such an inquiry. *Id.* The result of the inquiry into abandonment determines which motion – the initial motion or the amended motion – the court should adjudicate.[3] *Id.* Accordingly, the motion court's judgment is reversed and the case remanded for the

---

[3] The dissenting opinion advocates that this Court should deny Mr. Moore's post-conviction claims rather than remand the case because all claims made in his initial *pro se* motion were incorporated into the amended motion and have been adjudicated against him by the motion court or the court of appeals in his direct appeal, citing Rule 84.14 for the principle that this Court should finally dispose of a case, unless justice otherwise requires. Contrary to the suggestions made in the dissenting opinion, neither the motion court nor the court of appeals in Mr. Moore's direct appeal adjudicated against him all of his *pro se* claims. In his *pro se* motion, Mr. Moore alleged that he received ineffective assistance of trial counsel, that the prosecutor committed misconduct, that the key witness for the state presented false testimony, and that his trial counsel failed to investigate all of the witnesses who were present. The motion court did not reference these claims or adjudicate them with written findings of fact and conclusions of law as required by Rule 29.15(j). Additionally, in Mr. Moore's direct appeal, the court of appeals adjudicated only a claim that there was not sufficient evidence to convict him. Mr. Moore has not received the process that justice requires.

motion court to conduct the independent inquiry to determine if Mr. Moore was abandoned.[4]

## Conclusion

For the foregoing reasons, this Court reverses the motion court's judgment overruling Mr. Moore's amended motion. The case is remanded for an independent inquiry into whether Mr. Moore was abandoned by appointed counsel and for further proceedings consistent with the outcome of the court's inquiry.

_____
PATRICIA BRECKENRIDGE, JUDGE

Russell, C.J., Stith, Draper, and
Teitelman, JJ., concur; Fischer, J.,
concurs in separate opinion filed;
Wilson, J., dissents in separate
opinion filed.

---

[4] The concurring opinion suggests that the motion court's ruling on Mr. Moore's amended motion is correct, and the dissenting opinion goes further to find that there is no merit to his claims. Because the Court reverses the motion court's judgment and remands his case for an independent inquiry into whether Mr. Moore was abandoned by appointed counsel, the merits of Mr. Moore's claims are not considered by this Court.



# SUPREME COURT OF MISSOURI
## en banc

CHARLES K. MOORE )
                                      )
         Appellant, )
                                        )
    v. )         No. SC94277
                                        )
STATE OF MISSOURI, )
                                        )
         Respondent. )

## CONCURRING OPINION

I concur in the principal opinion. It is troubling that this case not only resulted in a judgment, but additionally an issued court of appeals opinion without an inquiry into whether appointed counsel filed a timely amended motion; therefore, I write separately to emphasize for the motion courts and intermediary court of appeals that the post-conviction deadlines "play such an important role in the orderly presentation and resolution of post-conviction claims that the [S]tate cannot waive them. Instead, motion courts and appellate courts have a duty to enforce the mandatory time limits . . . even if the State does not raise the issue." *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014) (citations and internal quotation marks omitted).

As this Court unanimously held in *Stanley v. State*, 420 S.W.3d 532 (Mo. banc 2014) (Rule 24.035 context): "The time limits for filing a post-conviction motion are mandatory. The movant is responsible for timely filing the initial motion, and appointed

counsel must timely file either an amended motion or a statement that the pro se motion is sufficient. Arguments raised for the first time in [an] . . . amended motion filed after the time limit set out in [Rule 29.15(g)] are barred from consideration." *Id.* at 540 (internal citations omitted).

It may be that after remand, even if the motion court determines that the movant was abandoned, the motion court would again overrule the amended motion without an evidentiary hearing. There is no doubt that the finding made by the motion court that counsel withdrew the motion for change of judge in Moore's presence and with his consent in open court is supported by the record. Nor is there any doubt that the motion court's conclusion that Moore failed to allege prejudice "sufficient to trigger relief" is not clearly erroneous because the amended motion did not allege "bias sufficient to warrant relief."[1]

_____

Zel M. Fischer, Judge

---

[1] "A disqualifying bias or prejudice must be one emanating from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learns from participation in the case. There is a presumption that a judge acts with honesty and integrity and will not preside over a trial in which he or she cannot be impartial." *Burgess v. State*, 342 S.W.3d 325, 328 (Mo. banc 2011) (citations and internal quotation marks omitted).



# SUPREME COURT OF MISSOURI
## en banc

CHARLES K. MOORE, )
)
               Appellant, )
)
v. ) No. SC94277
)
STATE OF MISSOURI, )
)
               Respondent. )

### DISSENTING OPINION

Rule 84.14 provides: "Unless justice otherwise requires, the [appellate] court shall dispose finally of the case." Because the principal opinion falls short of this requirement by ordering a remand that cannot benefit Mr. Moore and risks harming him, I respectfully dissent.

Moore's amended motion under Rule 29.15(g) was not filed on time. Accordingly, he may not have been entitled to have the motion court rule on the merits of that motion. But, regardless of whether he was entitled to such a ruling, the motion court *did rule* on the merits of Moore's amended motion and denied relief. Because that decision was not clearly erroneous, there is nothing to be gained by remanding this case to see whether – at most – Moore is entitled to a determination he already has received.

When post-conviction counsel is appointed to represent an indigent prisoner, this Court held in *Sanders v. State*, 807 S.W.2d 493, 494-95 (Mo. banc 1991), that counsel's

failure to file a timely amended motion may constitute "abandonment" of the movant. As a result, the motion court has a duty to undertake an "independent inquiry as to the cause of the untimely filing." *Sanders*, 807 S.W.2d at 495. If it "resulted from negligence or intentional conduct of movant, the court shall not permit the filing." *Id.* But if the late filing was the result of "inattention of counsel, the court shall permit the filing." *Id.*

Here, the motion court made no "independent inquiry" to determine whether Moore was abandoned. This may have been because the motion court simply assumed the amended motion was timely, or it may have been that the motion court believed (wrongly, the principal opinion holds) that the state waived the tardiness of Moore's amended motion by not raising it. Whatever the reason, the motion court treated Moore's amended motion as timely and denied that motion on its merits.

Now, the principal opinion remands this case for a determination of whether Moore was abandoned. If the motion court determines he was, the only relief to which Moore would be entitled under *Sanders* is to have the motion court "permit the filing" of his untimely amended motion. The motion court would then have to rule on the merits of that motion, which is the same ruling the motion court made on December 7, 2012. Conversely, if the motion court determines Moore was not abandoned, Moore's untimely amended motion cannot be considered and the motion court must rule only on the claims in Moore's pro se motion. Those claims were incorporated in Moore's amended motion, however, and were rejected (together with his new claims) in the motion court's December 2012 ruling. Accordingly, the best Moore can hope for on remand is to get what he already received more than two years ago, i.e., a ruling on the merits of his

2

amended motion.  The Court already knows what that decision will be, but Moore will now have to wait another year (or two) before an appellate court decides whether that ruling was correct, i.e., not "clearly erroneous."

The ink was barely dry on *Sanders* before this Court held that appellate courts are not obligated to remand cases for pointless abandonment determinations.  In *Pollard v. State*, 807 S.W.2d 498, 502, (Mo. banc 1991) (on rehearing), the Court held that – even where appointed counsel files an untimely amended motion – an appellate court should remand for an abandonment determination under *Sanders* only if the inmate was prejudiced by the late filing.  In *Pollard*, therefore, the Court affirmed the motion court's denial of post-conviction relief because, "even if the amended motion had been filed on time, that would not have affected the result."  *Id.*

This Court followed the same common sense approach in *McDaris v. State*, 843 S.W.2d 369, 371 (Mo. banc 1992).  There, the motion court dismissed the prisoner's untimely amended motion without conducting the independent inquiry required by *Sanders*.  As in *Pollard*, however, the Court held that a remand on the issue of abandonment was not necessary unless "the movant was prejudiced by the late filing." *Id.* at 371-72.  If the claims in the amended motion have no merit, it does not matter whether counsel abandoned the inmate by failing to file that motion on time.  *Id.*  In *McDaris*, this Court determined that all of the claims in the amended motion were refuted by the record or failed to state a basis for relief.  Accordingly, the Court held that a remand on the issue of abandonment was neither necessary nor appropriate.  *Id.* at 372.

3

Moore's appeal offers a far more compelling case for avoiding a pointless remand than either *McDaris* or *Pollard*. In those cases, the Court reached its conclusion (i.e., that the inmates were not prejudiced by the late filings of their amended motions because those motions lacked merit) even though the motion courts had not reached the merits of those motions. Here, more than two years have passed since the motion court expressly reached – and rejected – the merits of the claims in Moore's amended motion. If the motion court's ruling on the merits of Moore's amended motion was correct, further delay cannot be justified. More important, if the motion court's ruling was not correct and Moore is entitled to relief, further delay cannot be tolerated. Accordingly, I would reach – and Rule 84.14 instructs that the Court should reach – that question.

The claims in Moore's amended motion are that trial counsel was ineffective for: (1) withdrawing Moore's application for a change of judge under Rule 32.07(b); and (2) failing to move to disqualify the trial judge for cause under Rule 32.10. To state a claim for ineffective assistance of counsel, an inmate must allege facts showing that: (1) trial counsel's performance did not conform to the level of skill and diligence of a reasonably competent attorney, *Strickland v. Washington*, 466 U.S. 668, 687 (1984); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

The motion court may deny an inmate's Rule 29.15 motion without holding an evidentiary hearing if: (1) the motion fails to allege facts, not conclusions, warranting relief; (2) the facts alleged are refuted by the record; or (3) the motion fails to allege facts showing prejudice. *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). On appeal,

4

the motion court's findings and conclusions will be affirmed unless they are "clearly erroneous," i.e., unless a review of the entire record leaves this Court with "the definite and firm impression that a mistake has been made." *Id.*

The motion court denied Moore's claim that his trial counsel was ineffective for withdrawing Moore's application for an automatic change of judge under Rule 32.07(b) because – even assuming that action was incompetent – Moore failed to allege any facts showing that this action resulted in actual prejudice to him. The motion court is correct.

Moore's claim is indistinguishable from the claim asserted – and denied – in *Matthews v. State*, 175 S.W.3d 110 (Mo. banc 2005). There, an inmate claimed that his counsel was ineffective for failing to object to the trial court's refusal to grant a change of venue. *Id.* at 112-13. Even though the inmate was entitled to a change of venue as a matter of right under Rule 32.03, this Court held that "the trial court's failure to grant Movant a proper change of venue … is not dispositive" of the prisoner's ineffective assistance of counsel claim under Rule 29.15. *Id.* at 114. Instead, the Court emphasized that, under *Strickland*, the inmate must allege facts showing that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). Accordingly, the Court affirmed the denial of this claim because "Movant did not plead that the failure to transfer the case to another county … resulted in any *actual prejudice*." *Id.* (emphasis in the original).

Here, Moore failed to allege facts showing that he suffered "actual prejudice" from his lawyer's decision to withdraw Moore's application for a change of judge. Like the inmate in *Matthews* who was entitled to a change of venue as a matter of right under

5

Rule 32.03, Moore would have been entitled to a change of judge as a matter of right as long as his application under Rule 32.07(b) was timely. But, like the inmate in *Matthews*, Moore cannot claim ineffective assistance of counsel merely by alleging that counsel failed to secure the benefits of that rule. Moore must also plead facts showing that "actual prejudice" resulted from counsel's failure. He failed to do so. Moore does not allege facts showing, for example, that he would have received a lesser sentence from a different trial judge. Instead, he argues that prejudice should be presumed because his right to a change of judge was "automatic" under Rule 32.07(b). The Court rejected this same argument in *Matthews*, however, explaining that the circumstances under which prejudice is presumed for purposes of *Strickland* are strictly limited and do not include a failure to secure the benefits of procedural rules such as Rule 32.07(b). *Matthews*, 175 S.W.3d at 114. Accordingly, the motion court's denial of Moore's first claim was not clearly erroneous.

The motion court also denied Moore's first claim because his allegation that counsel was incompetent for withdrawing Moore's application for a change of judge actually was refuted by the record. At his sentencing, Moore's counsel stated that the notes of the public defender who initially interviewed Moore state that Moore did not want a change of judge. The motion judge, who also presided over Moore's criminal trial, took judicial notice of the file in the underlying case, "which indicated via transcript filed the motion to withdraw was withdrawn in the Movant's [Moore's] presence and with his consent in open court September 3, 2010." This finding is consistent with the docket entry for that date and, because the transcript provided by Moore (as appellant)

6

does not include the appearance of September 3, 2010, the Court cannot say that the motion court's conclusion was clearly erroneous.

Regarding his second claim, Moore failed to plead facts sufficient to show that counsel was ineffective for failing to move to disqualify the trial judge for cause under Rule 32.10. Moore alleges that he did not want to be in front of Judge Martinez "because [she] had been involved in prosecuting his 1998 robbery case out of Washington County[.]" He does not allege that the trial judge was aware of any fact that could not properly be considered in his new case, however, nor does he allege that the trial judge determined Moore's sentence in the new case out of bias or animus.

"Counsel is not ineffective for failing to file a meritless motion." *Baumruk v. State*, 364 S.W.3d 518, 529 (Mo. banc 2012). To have disqualified Judge Martinez at trial, Moore's counsel would have had to show that she had a "disqualifying bias or prejudice[, which] is one that has an extrajudicial source and results in an opinion on the merits on some basis other than what the judge learned from the judge's participation in a case." *Smulls v. State*, 10 S.W.3d 497, 499 (Mo. banc 2000) (noting that the standard for disqualification is whether a "reasonable person would find an appearance of impropriety and doubt the impartiality of the court"). Moore's allegation that Judge Martinez "was involved" in an unrelated prosecution of Moore more than a decade earlier – without more – would not have supported the motion to disqualify under Rule 32.10 that Moore

7

now claims trial counsel should have made.[1]  Accordingly, the trial court was not clearly

erroneous in denying Moore's second claim.

Moore's pro se motion raises two claims, both of which were incorporated into the

amended motion and denied by the motion court in the December 2012 judgment.[2]  The

first claim states:

> The prosecuting attorney's perjured statement that movant's arms were up
> when, in fact, movant's arms and hands were down to his side at all times
> (See video tape).  Lewis Helton [the victim] stepped into the path of the
> chair to alow [sic] the chair to hit his foot.  Lewis Helton's OC spray was
> out all the time and was using this in a threatening manor toward him
> [Moore].

This claim challenges the sufficiency of the evidence to support the jury's verdict

finding Moore guilty of second-degree assault of a probation officer.  Sufficiency claims

must be raised on direct appeal, however, not in a post-conviction motion under

Rule 29.15.  Moore did raise this claim in his direct appeal, and the court of appeals

---

[1]  This Court has not previously considered whether a judge who previously prosecuted another charge against the defendant must be recused.  Other courts have found no recusal is required unless there is something showing a material relationship between the two proceedings.  *People v. Flockhart*, 304 P.3d 227, 237-38 (Colo. 2013); *Leverette v. State*, 732 S.E.3d 2d 255, 257 (Ga. 2012).

[2]  Rule 29.15(g) states that the "amended motion shall not incorporate by reference material contained in any previously filed motion."  Would that it were so, but the Court long abandoned the plain language of this provision as it is found in Rule 24.035.  *See Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999) (claim from pro se motion should have been considered even though it was merely stapled to – and referenced in – the amended motion).  It should be noted, however, that even though *Reynolds* found the motion court erred for not considering the prisoner's pro se claims, the Court declined to remand for such consideration when the merits of the pro se claim reveal that movant is not entitled to relief as a matter of law.  *Id.* (citing *White v. State,* 939 S.W.2d 887, 903 (Mo. banc 1997)).

rejected it. *State v. Moore*, 362 S.W.3d 509, 510 (Mo. App. 2012) (affirmed without opinion under Rule 30.25(b)).

The second claim raised in Moore's pro se motion is ineffective assistance of counsel. For this claim, he alleges only: "Trial counsel failed to investigate all witnesses that were present." This claim fails to merit any review because it does not allege facts warranting relief and it does not allege facts showing prejudice. *Williams*, 168 S.W.3d at 439. To state a claim for ineffective assistance of counsel for failing to investigate and call witnesses, the inmate must plead facts showing that: "(1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense." *Glass v. State,* 227 S.W.3d 463, 468 (Mo. banc 2007) (quoting *Hutchison v. State,* 150 S.W.3d 292, 304 (Mo. banc 2004)). Moore's one-sentence allegation does not meet any – let alone all – of these requirements. Even though the motion court did not specifically address this claim or the improper sufficiency of the evidence claim above, a remand to consider these claims serves no purpose where the claims are deficient on their face and the motion court would have no option but to deny them without a hearing. *Reynolds*, 994 S.W.2d at 946.

Because the motion court was not clearly erroneous in rejecting the merits of each of the claims in Moore's amended motion, the principal opinion's decision to remand this case to have the motion court decide whether or not to reach those merits again

9

serves no purpose.  Accordingly, I respectfully dissent and would affirm the judgment of the motion court.

 

_____

Paul C. Wilson, Judge