DISSENTING OPINION
Paul C. Wilson, Judge
Rule 84.14 provides: “Unless justice otherwise requires, the [appellate] court shall dispose finally of the case.” Because the principal opinion falls short of this requirement by ordering a remand that cannot benefit Mr. Moore and risks harming him, I respectfully dissent.
Moore’s amended motion under Rule 29.15(g) was not filed on time. Accordingly, he may not have been entitled to have the motion court rule on the merits of that motion. But, regardless of whether he was entitled to such a ruling, the motion court did rule on the merits of Moore’s amended motion and denied relief. Because that decision was not clearly erroneous, there is nothing to be gained by remanding this case to see whether — at most — Moore is entitled to a determination he already has received.
When post-conviction counsel is appointed to represent an indigent prisoner, this Court held in Sanders v. State, 807 S.W.2d 493, 494-95 (Mo. banc 1991), that counsel’s failure to file a timely amended motion may constitute “abandonment” of the mov-ant. As a result, the motion court has a duty to undertake an “independent inquiry as to the cause of the untimely filing.” Sanders, 807 S.W.2d at 495. If it “resulted from negligence or intentional conduct of movant, the court shall not permit the filing.” Id. But if the late filing was the result of “inattention of counsel, the court shall permit the filing.” Id.
Here, the motion court made no “independent inquiry” to determine whether Moore was abandoned. This may have been because the motion court simply assumed the amended motion was timely, or it may have been that the motion court believed (wrongly, the principal opinion holds) that the state waived the tardiness of Moore’s amended motion by not raising it. Whatever the reason, the motion court *828 treated Moore’s amended motion as timely and denied that motion on its merits.
Now, the principal opinion remands this case for a determination of whether Moore was abandoned. If the motion court determines he was, the only relief to which Moore would be entitled under Sanders is to have the motion court “permit the filing” of his untimely amended motion. The motion court would then have to rule on the merits of that motion, which is the same ruling the motion court made on December 7, 2012. Conversely, if the motion court determines Moore was not abandoned, Moore’s untimely amended motion cannot be considered and the motion court must rule only on the claims in Moore’s pro se motion. Those claims were incorporated in Moore’s amended motion, however, and were rejected (together with his new claims) in the motion court’s December 2012 ruling. Accordingly, the best Moore can hope for on remand is to get what he already received more than two years ago, i.e., a ruling on the merits of his hmended motion. The Court already knows what that decision will be, but Moore will now have to wait another year (or two) before an appellate court decides whether that ruling was correct, i.e., not “clearly erroneous.”
The ink was barely dry on Sanders before this Court held that appellate courts are not obligated to remand cases for pointless abandonment determinations. In Pollard v. State, 807 S.W.2d 498, 502, (Mo. banc 1991) (on rehearing), the Court held that — even where appointed counsel files an untimely amended motion — an appellate court should remand for an abandonment determination under Sanders only if the inmate was prejudiced by the late filing. In Pollard, therefore, the Court affirmed the motion court’s denial of post-conviction relief because, “even if the amended motion had been filed on time, that would not have affected the result.” Id.
This Court followed the same common sense approach in McDaris v. State, 843 S.W.2d 369, 371 (Mo. banc 1992). There, the motion court dismissed the prisoner’s untimely amended motion without conducting the independent inquiry required by Sanders. As in Pollard, however, the Court held that a remand on the issue of abandonment was not necessary unless “the movant was prejudiced by the late filing.” Id. at 371-72. If the claims in the amended motion have no merit, it does not matter whether counsel abandoned the inmate by failing to file that motion on time. Id. In McDaris, this Court determined that all of the claims in the amended motion were refuted by the record or failed to state a basis for relief. Accordingly, the Court held that a remand on the issue of abandonment was neither necessary nor appropriate. Id. at 372.
Moore’s appeal offers a far more compelling case for avoiding a pointless remand than either McDaris or Pollard. In those cases, the Court reached its conclusion (i.e., that the inmates were not prejudiced by the late filings of their amended motions because those motions lacked merit) even though the motion courts had not reached the merits of those motions. Here, more than two years have passed since the motion court expressly reached— and rejected — the merits of the claims in Moore’s amended motion. If the motion court’s ruling on the merits of Moore’s amended motion was correct, further delay cannot be justified. More important, if the motion court’s ruling was not correct and Moore is entitled- to relief, further delay cannot be tolerated. Accordingly, I would reach — and Rule 84.14 instructs that the Court should reach — that question.
The claims in Moore’s amended motion are that trial counsel was ineffective for: *829 (1) withdrawing Moore’s application for a change of judge under Rule 32.07(b); and (2) failing to move to disqualify the trial judge for cause under Rule 32.10. To state a claim for ineffective assistance of counsel, an inmate must allege facts showing that: (1) trial counsel’s performance did not conform to the level of skill and diligence of a reasonably competent attorney, Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and (2) “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different,” id. at 694, 104 S.Ct. 2052.
The motion court may deny an inmate’s Rule 29.15 motion without holding an evi-dentiary hearing if: (1) the motion fails to allege facts, not conclusions, warranting relief; (2) the facts alleged are refuted by the record; or (3) the motion fails to allege facts showing prejudice. Williams v. State, 168 S.W.3d 433, 439 (Mo. banc 2005). On appeal, the motion court’s findings and conclusions will be affirmed unless they are “clearly erroneous,” i.e., unless a review of the entire record leaves this Court •with “the definite and firm impression that a mistake has been made.” Id.
The motion court denied Moore’s claim that his trial counsel was ineffective for withdrawing Moore’s application for an automatic change of judge under Rule 32.07(b) because — even assuming that action was incompetent — Moore failed to allege any facts showing that this action resulted in actual prejudice to him. The motion court is correct.
Moore’s claim is indistinguishable from the claim asserted — and denied — in Matthews v. State, 175 S.W.3d 110 (Mo. banc 2005). There, an inmate claimed that his counsel was ineffective for failing to object to the trial court’s refusal to grant a change of venue. Id. at 112-13. Even though the inmate was entitled to a change of venue as a matter of right under Rule 32.03, this Court held that “the trial court’s failure to grant Movant a proper change of venue ... is not dispositive” of the prisoner’s ineffective assistance of counsel claim under Rule 29.15. Id. at 114. Instead, the Court emphasized that, under Strickland, the inmate must allege facts showing that, “but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). Accordingly, the Court affirmed the denial of this claim because “Movant did not plead that the failure to transfer the case to another county ... resulted in any actual prejudice.” Id. (emphasis in the original).
■ Here, Moore failed to allege facts showing that he suffered “actual prejudice” from his lawyer’s decision to withdraw Moore’s application for a change of judge. Like the inmate in Matthews who was entitled to a change of venue as a matter of right under Rule 32.03, Moore would have been entitled to a change of judge as a matter of right as long as his application under Rule 32.07(b) was timely. But, like the inmate in Matthews, Moore cannot claim ineffective assistance of counsel merely by alleging that counsel failed to secure the benefits of that rule. Moore must also plead facts showing that “actual prejudice” resulted from counsel’s failure. He failed to do so. Moore does not allege facts showing, for example, that he would have received a lesser sentence from a different trial judge. Instead, he argues that prejudice should be presumed because his right to a change of judge was “automatic” under Rule 32.07(b). The Court rejected this same argument in Matthews, however, explaining that the circumstances under which prejudice is presumed for purposes of Strickland are strictly limited and do not include a failure to secure the *830 benefits of procedural rules such as Rule 32.07(b). Matthews, 175 S.W.3d at 114. Accordingly, the motion court’s denial of Moore’s first claim was not clearly erroneous.
The motion court also denied Moore’s first claim because his allegation that counsel was incompetent for withdrawing Moore’s application for a change of judge actually was refuted by the record. At his sentencing, Moore’s counsel stated that the notes of the public defender who initially interviewed Moore state that Moore did not want a change of judge. The motion judge, who also presided over Moore’s criminal trial, took judicial notice of the file in the underlying case, “which indicated via transcript filed the motion to withdraw was withdrawn in the Movant’s [Moore’s] presence, and with his consent in open court September 3, 2010.” This finding is consistent with the docket entry for that date and, because the transcript provided by Moore (as appellant) does not include the appearance of September 3, 2010, the Court cannot say that the motion court’s conclusion was clearly erroneous.
Regarding his second claim, Moore failed to plead facts sufficient to show that counsel was ineffective for failing to move to disqualify the trial judge for cause under Rule 32.10. Moore alleges that he did not want to be in front of Judge Martinez “because [she] had been involved in prosecuting his 1998 robbery case out of Washington Countyf.]” He does not allege that the trial judge was aware of any fact that could not properly be considered in his new case, however, nor does he allege that the trial judge determined Moore’s sentence in the new case out of bias or animus.
“Counsel is not ineffective for failing to file a meritless motion.” Baumruk v. State, 364 S.W.3d 518, 529 (Mo. banc 2012). To have disqualified Judge Martinez at trial, Moore’s counsel would have had to show that she had a “disqualifying bias or prejudice^ which] is one that has an extrajudicial source and results in an opinion on the merits on some basis other than what the judge learned from the judge’s participation in a case.” Smulls v. State, 10 S.W.3d 497, 499 (Mo. banc 2000) (noting that the standard for disqualification is whether a “reasonable person would find an appearance of impropriety and doubt the impartiality of the court”). Moore’s allegation that Judge Martinez “was involved” in an unrelated prosecution of Moore more than a decade earlier — without more — would not have supported the motion to disqualify under Rule 32.10 that Moore now claims trial counsel should have made.[1] Accordingly, the trial court was not clearly erroneous in denying Moore’s second claim.
Moore’s pro se motion raises two claims, both of which were incorporated into the amended motion and denied by the motion court in the December 2012 judgment.[2] The first claim states:
*831 The prosecuting attorney’s perjured statement that movant’s arms were up when, in fact, movant’s arms and hands were down to his side at all times (See video tape). Lewis Helton [the victim] stepped into the path of the chair to alow [sic] the chair to hit his foot. Lewis Helton’s OC spray was out all the time and was using this in a threatening manor toward him [Moore].
This claim challenges the sufficiency of the evidence to support the jury’s verdict finding Moore guilty of second-degree assault of a probation officer. Sufficiency claims must be raised on direct appeal, however, not in a post-conviction motion under Rule 29.15. Moore did raise this claim in his direct appeal, and the court of appeals rejected it. State v. Moore, 362 S.W.3d 509, 510 (Mo.App.2012) (affirmed without opinion under Rule 30.25(b)).
The second claim raised in Moore’s pro se motion is ineffective assistance of counsel. For this claim, he alleges only: “Trial counsel failed to investigate all witnesses that were present.” This claim fails to merit any review because it does not allege facts warranting relief and it does not allege facts showing prejudice. Williams, 168 S.W.3d at 439. To state a claim for ineffective assistance of counsel for failing to investigate and call witnesses, the inmate must plead facts showing that: “(1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness’s testimony would have produced a viable defense.” Glass v. State, 227 S.W.3d 463, 468 (Mo. banc 2007) (quoting Hutchison v. State, 150 S.W.3d 292, 304 (Mo. banc 2004)). Moore’s one-sentence allegation does not meet any — let alone all — of these requirements. Even though the motion court did not specifically address this claim or the improper sufficiency of the evidence claim above, a remand to consider these claims serves no purpose where the claims are deficient on their face and the motion court would have no option but to deny them without a hearing. Reynolds, 994 S.W.2d at 946.
Because the motion court was not clearly erroneous in rejecting the merits of each of the claims in Moore’s amended motion, the principal opinion’s decision to remand this case to have the motion court decide whether or not to reach those merits again serves no purpose. Accordingly, I respectfully dissent and would affirm the judgment of the motion court.

. This Court has not previously considered whether a judge who previously prosecuted another charge against the defendant must be recused. Other courts have found no recusal is required unless there is something showing a material relationship between the two proceedings. People v. Flockhart, 304 P.3d 227, 237-38 (Colo.2013); Leverette v. State, 291 Ga. 834, 732 S.E.2d 255, 257 (2012).

. Rule 29.15(g) states that the "amended motion shall not incorporate by reference material contained in any previously filed motion.” Would that it were so, but the Court long abandoned the plain language of this provision as it is found in Rule 24.035. See Reynolds v. State, 994 S.W.2d 944, 946 (Mo. banc 1999) (claim from pro se motion should have been considered even though it was merely stapled to — and referenced in — the amended motion). It should be noted, however, that even though Reynolds found the motion court erred for not considering the prisoner’s pro se *831 claims, the Court declined to remand for such consideration when the merits of the pro se claim reveal that movant is not entitled to relief as a matter of law. Id. (citing White v. State, 939 S.W.2d 887, 903 (Mo. banc 1997)).