

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33243 |
| | ) | |
| CLAUDE CHAMBERS, | ) | FILED: May 18, 2015 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Kelly W. Parker, Judge

(Before Francis, P.J./C.J., Bates, J., and Scott, J.)

**REVERSED AND REMANDED WITH DIRECTIONS**

PER CURIAM. Claude Chambers was charged with first-degree statutory sodomy in Crawford County, which has fewer than seventy-five thousand inhabitants. Defense counsel filed a timely Rule 32.03[1] application for change of venue that was not brought to the court's attention or ruled at any time in the next nine months.

A few days before trial, the court denied a defense request for continuance. On the Sunday afternoon before jury trial was to begin Monday morning, defense counsel advised the

---

[1] Rule references are to Missouri Court Rules (2013).

judge by phone "that a motion for change of venue had been filed and had not been ruled upon." After the case was called for jury trial the next morning, defense counsel formally requested the court "to grant [the] Change of Venue Motion previously filed." Following argument on the record, the court declined to do so, finding that Chambers "waived his right to a change of venue by failing to bring this matter to the court's attention until the day before trial."

Chambers then sought to discharge his public defender, to waive counsel, and to be tried *in abstentia*. After lengthy discussion and careful inquiry of Chambers, the court granted these requests. Defense counsel withdrew, Chambers was excused, a jury was selected, the state presented its evidence, and Chambers was found guilty.

We consider only Chambers' second point on appeal, as it is dispositive.

## Failure to Grant Change of Venue (Point II)

We agree with Chambers; the trial court erred in denying his Rule 32.03 application for venue change. "If a timely application is filed, the court immediately shall order the case transferred to some other county…." Rule 32.03(c). Chambers timely filed his application; no one has suggested otherwise on appeal or in the trial court.

According to our highest court's plainest statements on this issue:

- "It is reversible error for a trial judge to deny a timely filed Rule 32.03 motion for change of venue …." *Moss v. State*, 10 S.W.3d 508, 513 (Mo. banc 2000).

- "[H]ad the issue been raised on direct appeal, the appellate court would have been compelled to enforce the nondiscretionary mandate of Rule 32.03 to have the case transferred to a different county." *Matthews v. State*, 175 S.W.3d 110, 114 n.5 (Mo. banc 2005).

The state counters by pressing its waiver argument that prevailed below, citing *State v. Bradshaw*, 81 S.W.3d 14, 28 (Mo.App. 2002), where a timely-filed application for venue change was presented for ruling only after voir dire and jury selection, but before the jury was seated and jeopardy attached. The Western District found that (1) "a defendant can waive a challenge to

2

venue by proceeding to trial," *id*. at 28; (2) "Mr. Bradshaw's reliance on the attachment of jeopardy has no relation to the waiver of the right to change of venue," *id*. at 29; and (3) "[w]hen Mr. Bradshaw proceeded with voir dire without objection, he was proceeding with the trial, and he waived his right to a change of venue." *Id*. at 30.

The state would have us extend *Bradshaw* to reach this case. We decline to do so. We see *Bradshaw* as a narrow exception to Rule 32.03, a rule written in nondiscretionary terms provided the application is timely filed. Our Supreme Court authored Rule 32.03 and twice has interpreted it flatly in favor of reversal here.

The dissent is not without good points. Chambers put the trial court in a difficult position. Yet we feel constrained to do as our Supreme Court so clearly directed in *Matthews* and *Moss*. We grant Point II. Chambers' remaining points are moot or may be addressed on remand.

## Conclusion

We reverse and remand the case to the Circuit Court of Crawford County, which "immediately shall order the case transferred to some other county convenient to the parties, first giving all parties an opportunity to make suggestions as to where the case should be sent." Rule 32.03(c).[2]

FRANCIS, P.J./C.J. - CONCURS
BATES, J. - CONCURS
SCOTT, J. - DISSENTS AND FILES SEPARATE DISSENTING OPINION

---

[2] Double jeopardy does not bar retrial when a reversal is based upon trial error. *State v. Liberty*, 370 S.W.3d 537, 554-55 (Mo. banc 2012).



# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,                )
                                  )
            Respondent,           )
                                  )
    vs.                           )    No. SD33243
                                  )
CLAUDE CHAMBERS,                  )    FILED: May 18, 2015
                                  )
            Appellant.            )

## DISSENTING OPINION

I would concur in almost any other instance.  In these peculiar circumstances, however, several factors combine to persuade me otherwise.

"No prejudice, no reversal" is the teaching of untold appellate cases. Prejudice (actual or presumed/not disproved) makes error "reversible." Absent prejudice, even *constitutional* error is harmless. **State v. Nathan**, 404 S.W.3d 253, 262 (Mo. banc 2013). This holds true even in *death penalty* cases. *See, e.g.,* **State v. McFadden**, 369 S.W.3d 727, 736 (Mo. banc 2012).[1]

---

[1] The exception is "structural" error, a narrow category this case does not fit. *See* **State v. Hastings**, 450 S.W.3d 479, 488 n.6 (Mo.App. 2014).

Rule 32.03 presumes no prejudice but "merely ... affords a defendant the right to change venue as a matter of convenience." ***Matthews v. State***, 175 S.W.3d 110, 114 (Mo. banc 2005); ***Moss v. State***, 10 S.W.3d 508, 513 (Mo. banc 2000).[2] Yet in dicta, these cases describe failure to grant a timely Rule 32.03 application as reversible error. ***Matthews***, 175 S.W.3d at 114 n.5; ***Moss***, 10 S.W.3d at 513.

I am reluctant to reverse without considering prejudice, and when I look for the latter, I cannot find this trial would have resulted differently anywhere else. I have never known or heard of a more one-sided trial. Only the prosecutor questioned and selected jurors. Only the prosecutor addressed the jury in opening and closing. Only the prosecutor called witnesses and offered proof, all without objection or cross-examination. The accused and his lawyer were not even there.  If a guilty verdict ever was a safe bet, it was this trial in *any* venue.

Still, if that was my sole concern, I would reluctantly accept the ***Matthews*** and ***Moss*** dicta at face value and uncomfortably agree to reverse. But when Rule 32.03 rests upon convenience, must a trial judge ignore the *inconvenience* – to 48 potential jurors, a child victim, subpoenaed witnesses, and the court – of granting a flawed motion[3] not presented for ruling until the day of trial?

---

[2] ***Moss*** was disapproved in other respects by ***Mallow v. State***, 439 S.W.3d 764, 770 n.3 (Mo. banc 2014).

[3] Chambers served his application without providing "notice of the time when it will be presented in the court" as Rule 32.03(b) required. We no longer consider this omission fatal if there was a hearing and "opportunity to contest the application, and no other cause for denying the motion was presented or apparent to the court." ***State ex rel. Dir. of Revenue v. Scott***, 919 S.W.2d 246, 248 (Mo. banc 1996) (construing identical Rule 51.05 notice provision regarding change of judge). The problem, of course, is Chambers' unexplained and unreasonable delay in presenting his application, which I see as a cause for denial "apparent to the court." ***Id***.

I don't see sandbagging. It seems that counsel forgot or was unaware of this application, filed by a prior attorney, and the trial court may never have known of it. Still, the fault falls upon Chambers, not the trial court.

> "There seems to be an assumption that a judge must rule on a motion for change of judge or change of venue promptly *when it is filed.* The moving party, however, should notice the other side as to when the motion will be called up, and then present it or call it up before the judge. As mandatory as it is that a *proper* motion for change of [venue] be sustained, the other party is entitled to notice and an opportunity to be heard, and he may contest the form, timeliness and sufficiency of the motion."

*State ex rel. Mountjoy v. Bonacker*, 831 S.W.2d 241, 245 (Mo.App. 1992) (quoting *Matter of Buford*, 577 S.W.2d 809, 827 (Mo. banc 1979)).[4]

So Chambers failed in his "responsibility of 'calling up' the motion for ruling." *State v. Perry*, 954 S.W.2d 554, 564 (Mo.App. 1997). A motion not called up for hearing "would under the usual rule be considered as waived or abandoned." *Frazier v. Frazier*, 845 S.W.2d 130, 132 (Mo.App. 1993). "A motion may be waived or abandoned by failing to proceed with respect to it, or by continuing before the determination of the motion in a manner which is not consistent with the object of the motion," *Vermillion v. Burlington N. R. Co.*, 813 S.W.2d 947, 949 (Mo.App. 1991), *both* of which occurred here.

*Bradshaw*[5] found waiver when a timely-filed motion for change of venue was not presented until just before the selected jury was sworn. Presentment was

---

[4] This makes sense from an administrative viewpoint too, especially in a five-county judicial circuit. Trial judges cannot read or manage, in real time, every filing by every party in every pending case.

[5] *State v. Bradshaw*, 81 S.W.3d 14 (Mo.App. 2002), cited in the principal opinion.

*slightly* earlier here, but still the day of trial.  In both cases:

- The defense had filed for venue change, never called it up, seemingly forgot, and proceeded through the pretrial period as if venue was fine. This was waiver. **Vermillion**, 813 S.W.2d at 949.

- A jury panel and witnesses had come to court, ready for trial, before the defense presented its convenience-based request to stop everything and move the case elsewhere.

It is the latter that matters to me and, I think, mattered to the trial court.

Matters of convenience, indulged routinely or automatically before trial, must compete with other considerations once the day of trial arrives. Dozens of citizens had been called and were present to accommodate Chambers' request for a jury.  The victim and other witnesses also were there.  The trial date had long been set, and also the location, no objection to which was presented until the morning of trial.

I might think differently had Chambers presented his application even one business day earlier, but the calculus changed once the case was called for trial. Taking everything into account, as I think the trial court did, I do not see mere error without prejudice; I see *neither* error *nor* prejudice.

I would deny this and Chambers' other two points and affirm the judgment. I respectfully dissent.

DANIEL E. SCOTT – DISSENTING OPINION AUTHOR